IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KOSS CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.    6:20-cv-00665<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT APPLE INC.'S MOTION TO STRIKE
### PLAINTIFF KOSS CORPORATION'S COMPLAINT

**I.    INTRODUCTION**

Koss Corporation's ("Koss") Complaint repeatedly reveals and relies on confidential communications that Koss is contractually prohibited from using in this litigation. Because Koss' Complaint hinges on disclosures that violate its contractual obligations, the Complaint should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

As the Complaint (improperly) discloses, in 2017, Koss demanded that Apple Inc. ("Apple") take a license to its patents; the parties then engaged in discussions regarding Koss' allegations of infringement. But missing from the Complaint is a critical fact: the discussions between Koss and Apple occurred *pursuant to a confidentiality agreement* that Koss insisted Apple sign. The Confidentiality Agreement forbids the parties from mentioning the licensing discussions in litigation for any reason, including to support the filing of a complaint—a prohibition that survives the termination of the Agreement. Apple honored the Confidentiality Agreement and engaged in good-faith discussions about why it did not infringe Koss' patents and why those

patents are invalid. Koss, on the other hand, defied its duties and, in filing its Complaint, willfully breached the very agreement it had insisted Apple sign. Throughout the Complaint, Koss divulges its confidential communications with Apple. These communications form the *only* factual basis for essential elements of its allegations of induced infringement, contributory infringement, and willfulness. Koss' patent-infringement lawsuit is incurably infected by these contractual violations. The Complaint should therefore be stricken, in full, from the Court's docket.

## II.     BACKGROUND

As revealed in its Complaint, Koss approached Apple in 2017 about a purported desire to discuss a license to one of Koss' patents. (*See* Dkt. No. 1, Compl. ¶¶ 70–73.) As the Complaint also reveals, Apple engaged in licensing discussions with Koss over the next few years. Koss sent Apple emails and presentations claiming that Apple infringed the five patents-in-suit here. (*See id.* ¶ 71.) And Apple responded, laying out its positions as to why it did not infringe and why the patents are invalid. (*See id.* ¶¶ 85, 99, 113, 127, 141.) What Koss omits from its Complaint, however, is that these discussions and exchanges occurred under a confidentiality agreement that Koss itself demanded, and on which Apple relied.

The Confidentiality Agreement, which became effective on the date Koss and Apple began their discussions (*see* Ex. 1 at preamble), prohibited either party from using in litigation—for any reason—the content or existence of any of the parties' "Communications":

> 5. RESTRICTIONS ON USE OF COMMUNICATIONS. . . . [T]he Parties agree not to use or attempt to use any Communications, or the existence thereof, in a litigation or any other administrative or court proceeding for any purpose.

(Ex. 1 § 5.) "Communications," in turn, were defined broadly to include any exchange of information between the parties relating to the "Purpose," or even any description of the content of such exchanges:

2

> 1. DEFINITION OF COMMUNICATIONS. "Communications" means communications, discussions, presentations, documents, or notes exchanged between the Parties in any form, whether before or during the Term [of the Confidentiality Agreement], in connection with the Purpose, including any other materials reflecting the content thereof.

(*Id.* § 1 (emphasis omitted).) The "Purpose" encompassed any discussions and evaluations regarding "a potential license, acquisition or other transactions relating to patents that [Koss] represents it owns or controls." (*Id.* at preamble.) When Koss filed this action on July 22, 2020, Section 5 of the Confidentiality Agreement was still in force, and it remains in force today.[1]

### III. ARGUMENT

#### A. Koss' Complaint Repeatedly Breaches The Parties' Confidentiality Agreement By Referring To And Relying On Communications Protected Under That Agreement.

Despite the explicit terms of the Confidentiality Agreement, Koss's Complaint refers repeatedly to prior "communications, discussions, presentations, documents, or notes exchanged between" Koss and Apple regarding a potential license to Koss' patents. In fact, Koss' Complaint is riddled with allegations it was legally barred from making against Apple. For instance, Koss alleges that:

- "On September 7, 2017 Koss informed Apple that it was infringing U.S. Patent No. 9,729,959, a parent of several of the Patents-in-Suit." (Dkt. No. 1, Compl. ¶ 70);

- "Koss and its representatives met with Apple a total of four times in Apple's California offices and in the course of those meetings, as well as several additional email exchanges, provided Apple with claim charts identifying how Apple infringed certain of Koss's patents, including each of the Patents-in-Suit." (*Id.* ¶ 71);

- "Prior to the filing of the instant Complaint, Koss informed Apple of its belief that Apple was infringing each of the Patents-in-Suit." (*Id.* ¶ 72);

---

[1] On July 8, 2020, Koss notified Apple of its termination of the Confidentiality Agreement. Under the terms of the contract, the Confidentiality Agreement thus ended on July 22. (Ex. 1 § 14.) The Confidentiality Agreement also provided, however, that the restriction on the parties' use of "Communications" (per Section 5) "*shall survive termination* and for the avoidance of doubt, shall run with the patents." (*Id.* (emphasis added).)

4836-9424-3271

- "Apple knew of the '025 Patent and knew that its use and sale of the Accused Headphones infringe at least Claim 1 of the '025 Patent" (*id.* ¶ 81)—and identical allegations for each of the four other asserted patents. (*See id.* ¶¶ 95, 109, 123, 137);

- "Apple knew that the Accused Headphones were especially made for use in an infringing manner prior to the filing of this lawsuit" (*id.* ¶ 82)—and identical allegations for each of the four other asserted patents. (*See id.* ¶¶ 96, 110, 124, 138); and

- "Apple has been aware that it infringes the '025 Patent since at least March 6, 2019. . . . Apple was aware of its infringement of the '025 Patent . . . through Apple's own freedom-to-operate analysis, initiated, in part, due to the communications Apple was having with Koss" (*id.* ¶ 85)—and identical allegations for each of the four other asserted patents (*see id.* ¶¶ 99, 113, 127, 141).

In total, Koss' Complaint includes at least eighteen separate allegations that improperly reveal, describe, and substantively rely on its pre-suit "Communications" with Apple. Each of these allegations therefore violates Koss' obligations under its Confidentiality Agreement with Apple.

Prohibited references to the parties' pre-suit communications form the core of Koss' Complaint, and Koss makes no attempt to avoid relying on them. To the contrary, much of Koss' Complaint relies *solely* on these communications and cites no other facts to support its allegations. For example, to plead that Apple induced infringement of Koss' patents, Koss needed to allege that Apple knew of the patents before suit. *Omega Pats., LLC v. CalAmp Corp.*, 920 F.3d 1337, 1349 (Fed. Cir. 2019) ("Liability for inducement can only attach if the defendant knew of the patent and knew . . . that the induced acts constitute . . . infringement.") (citations and internal quotation marks omitted). It attempted to do so only by referring to the parties' protected communications. (Dkt. No. 1, Compl. ¶¶ 81, 95, 109, 123, 137.) To plead that Apple contributed to infringement of Koss' patents, Koss again needed to allege pre-suit knowledge. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010) ("To establish contributory infringement, the patent owner must show . . . that the accused infringer had knowledge of the patent . . . .") (citation omitted). And again, Koss attempted to do so only by referring to the parties' protected communications. (Dkt. No. 1, Compl. ¶¶ 82, 96, 110, 124, 138.) And finally, to plead that Apple

4

acted willfully, Koss went to the well yet again—it based its willfulness allegations solely on communications it had explicitly agreed not to use. (*Id.* ¶¶ 85, 99, 113, 127, 141.) None of Koss' claims for induced, contributory, and willful infringement for any of the five patents-in-suit cites any facts other than those that constitute a direct violation of the parties' Confidentiality Agreement.

> B. **The Appropriate Remedy For Koss' Deliberate Violation Of The Confidentiality Agreement Is To Strike Koss' Complaint.**

Koss should not be permitted to benefit from its own contractual violations, and to prevent such an inequitable result, the entire Complaint should be stricken. This Court may strike from a complaint allegations, like Koss', that are "immaterial [and] impertinent" to this suit. Fed. R. Civ. P. 12(f). Indeed, courts have repeatedly stricken as "immaterial"—and "potentially prejudicial"—allegations relating to confidential discussions such as those at issue here. *IP Cube Partners Co. v. Telecomm. Sys.*, No. 15-cv-6334, 2016 WL 3248500, at *4 (S.D.N.Y. June 13, 2016) (striking allegations concerning conduct during settlement negotiations); *see, e.g.*, *Grid One Sols. v. Elster Amco Water*, No. 15-cv-3452, 2015 WL 8294040, at *4 (N.D. Cal. Dec. 9, 2015) (striking allegations concerning confidential settlement communications).

In this case, Koss' improper disclosure and violation of the Confidentiality Agreement is so pervasive that striking the entire Complaint is warranted. Where, as here, a party has violated a confidentiality agreement in pleading its case, "striking the [complaint] in full is the most effective and efficient way to steer th[e] litigation . . . so that [the plaintiff] can satisfy its pleading requirements . . . and also comply with the terms of the" agreement or stipulated order. *GVB MD v. Aetna Health Inc.*, No. 19-22357, 2020 WL 1692635, at *2, 4 (S.D. Fla. Apr. 7, 2020) (striking a complaint in its entirety, with leave to amend). An effective dismissal is also the most equitable remedy here: Koss' induced-, contributory-, and willful-infringement claims for every single

patent-in-suit rely solely on material included in violation of the Confidentiality Agreement. These allegations make up the overwhelming bulk of Koss' claims against Apple, and thus "taint the entire pleading," *Hunt v. Sunny Delight Beverages Co.*, No. 8:18-cv-557, 2018 WL 6786265, at *4–5 (C.D. Cal. Dec. 18, 2018) (declining to "sift through the [complaint] to determine if any allegations [were] divorced from Plaintiffs' misconduct" under Rule 11, and thus striking the complaint in full, without prejudice). But for Koss' willful violation of the parties' Confidentiality Agreement, it would not have been able to file its Complaint in this case.

Faced with Koss' manifest willingness to violate the parties' Confidentiality Agreement, Apple has sought relief by filing a lawsuit in the Northern District of California. That lawsuit seeks an injunction prohibiting Koss from further breaches of the Confidentiality Agreement. Because Koss' Complaint in this Court was filed in violation of the parties' Confidentiality Agreement, and should therefore be stricken, Apple's California complaint also seeks a declaratory judgment intended to resolve the parties' disputes regarding Koss' patents in the forum where those disputes arose. But the improper filing of Koss' Complaint in this Court requires a remedy only this Court can provide—for as long as Koss' Complaint remains on record, Koss will have continued to "use" certain information in violation of its contractual obligations.

## IV.   CONCLUSION

After signing the Confidentiality Agreement, Apple rightfully expected that it could engage in licensing discussions with Koss, and that those discussions would not later be twisted and used against it. Koss' Complaint flaunts the parties' Confidentiality Agreement and seeks to profit from its own contractual breaches. The Complaint should be stricken in full from the Court's docket.

Date: August 7, 2020                      Respectfully submitted,

By:   /s/ Steve Wingard
Stephen E. McConnico
State Bar No. 13450300
Steven J. Wingard
State Bar No. 00788694
Kim Bueno
State Bar No. 24065345
Stephen L. Burbank
State Bar No. 24109672
SCOTT DOUGLASS & MCCONNICO
Colorado Tower
303 Colorado St., Ste. 2400
Austin, TX 78701
Tel:  (512) 495-6300
Fax: (512) 495-6399
smcconnico@scottdoug.com
swingard@scottdoug.com
kbueno@scottdoug.com
sburbank@scottdoug.com

Michael T. Pieja (*pro hac vice* to be filed)
Alan E. Littmann (*pro hac vice* to be filed)
Lauren Abendshien (*pro hac vice* to be filed)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
labendshien@goldmanismail.com

*Counsel for Defendant Apple Inc.*

7

4836-9424-3271

## PROOF OF SERVICE

I hereby certify that, on August 7, 2020, I served a copy of the foregoing via email, and electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Darlene F. Ghavimi
Texas State Bar No. 24072114
K&L GATES LLP
2801 Via Fortuna, Suite #350
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

Benjamin E. Weed
Philip A. Kunz
Erik J. Halverson
Gina E. Johnson
K&L GATES LLP
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
benjamin.weed@klgates.com
philip.kunz@klgates.com
erik.halverson@klgates.com
gina.johnson@klgates.com

Peter E. Soskin
K&L GATES LLP
Suite 1200
4 Embarcadero Center
San Francisco, CA 94111
Tel.: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

/s/ *Steve Wingard*
Steve Wingard