# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| KOSS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No.    6:20-cv-00665-ADA<br><br>**JURY TRIAL DEMANDED** |

## SUPPLEMENT TO APPLE INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA REGARDING RECENTLY DISCOVERED INFORMATION

Defendant Apple Inc. ("Apple") respectfully submits this supplement to address recently-discovered information in support of its Motion to Transfer Venue. (Dkt. No. 34.) In particular, two newly-discovered, non-party witnesses with knowledge of physical prior art products, as well as samples of those products, are located in the Northern District of California. This reinforces that the compulsory process, witness convenience, and availability-of-proof factors favor transfer.

Between 2006 and 2008, Plantronics Inc., which now operates as Poly, sold headphone models named Explorer, Calisto Pro, Voyager, and Discovery. Apple identified these four products from documents that Poly produced to Apple between December 23, 2020, and February 19, 2021. Because these products were sold before April 2008, they are prior art to U.S. Patent Nos. 10,206,025; 10,469,934; 10,491,982; and 10,506,325. These products anticipate or render obvious certain of Plaintiff Koss Corporation's ("Koss") asserted claims, as detailed in the examples set forth in Exhibits R and S.[1]

---

[1] Apple plans to promptly supplement its Invalidity Contentions to add references to this newly-discovered information.

This evidence supports Apple's Motion to Transfer for several reasons:

***First***, Plantronics was headquartered, and its successor Poly is headquartered, in Santa Cruz, California, within the Northern District. Poly, in Santa Cruz, has physical samples of the Explorer, Calisto Pro, Voyager, and Discovery products. It also has documents relating to these products, as shown by its production of such documents and samples to Apple. (*See* Exs. R, S.) These documents and samples are sources of proof relating to Apple's invalidity defense, and their location in the Northern District weighs in favor of transfer there.

***Second***, multiple witnesses with knowledge of Plantronics's prior-art products are located in the Northern District and subject to compulsory process there. The availability of compulsory process to secure the testimony of non-party witnesses at trial weighs heavily in favor of transfer. *In re Genetech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). This factor recognizes that "the ability to compel live trial testimony is crucial for evaluating a witness['s] testimony." *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-cv-00432-ADA, 2020 WL 4905809, at *4 (W.D. Tex. Aug. 20, 2020) (citing *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992)).

Documents produced by Poly provide evidence that two individuals in the Northern District—Claude Zellweger and Jay Wilson—have knowledge about the prior-art Plantronics products. Specifically, these two individuals are the inventors of physical products that Apple will show are invalidating prior art at trial. Mr. Zellweger lives in San Francisco and is the former co-owner and principal of One & Co., a San Francisco industrial design company that did work for Plantronics. (*See* Ex. T, Non-Party Witness Profiles and Whitepages at 1–5.) Mr. Wilson lives in Santa Cruz (*id.* at 6–12) and was a Senior Director for Plantronics from 2002 to 2009 (*id.* at 7). Poly's production indicates that Wilson's work for the company concerned industrial design. Messrs. Zellweger and Wilson are named inventors on patents that describe the prior-art

Plantronics products. (Ex. U, U.S. Pat. No. 7,680,267; Ex. V, U.S. Pat. App. No. 2008/0076489.)

Accordingly, Messrs. Zellweger and Wilson reside outside the subpoena power of this Court but are subject to the subpoena power of the courts in the Northern District of California. Therefore, the availability of compulsory process over these two additional third-party witnesses further weighs in favor of transfer. *See In re Genetech*, 566 F.3d at 1345.

*Finally*, if Koss argues that Messrs. Zellweger and Wilson may appear for trial voluntarily, their location still supports transfer. The convenience of testifying at trial for willing witnesses is an important factor in the transfer analysis. (Dkt. No. 34 at 9–12.) And the location of "potentially important non-party witnesses such as inventors [and] prior art witnesses" is relevant to the witness-convenience factor. *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448-JDL, 2010 WL 2771842, at *9 (E.D. Tex. July 13, 2010). Because Messrs. Zellweger and Wilson live within the Northern District, and the Northern District is over 1,700 miles from this District, it would be substantially more convenient for them to testify in the Northern District.

Date: February 26, 2021

Respectfully submitted,

By: /s/ *Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)
Alan E. Littmann (*pro hac vice*)
Doug Winnard (*pro hac vice*)
Samuel E. Schoenburg (*pro hac vice*)
Whitney Woodward (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
 BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com

dwinnard@goldmanismail.com
sschoenburg@goldmanismail.com
wwoodward@goldmanismail.com

Stephen E. McConnico
State Bar No. 13450300
Steven J. Wingard
State Bar No. 00788694
Stephen L. Burbank
State Bar No. 24109672
SCOTT DOUGLASS & MCCONNICO
Colorado Tower
303 Colorado St., Ste. 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
smcconnico@scottdoug.com
swingard@scottdoug.com
sburbank@scottdoug.com

*Counsel for Defendant Apple Inc.*

4

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **SUPPLEMENT TO APPLE INC.'S MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA REGARDING RECENTLY DISCOVERED INFORMATION** has been served on February 26, 2021, to all counsel of record who are deemed to have consented to electronic service.

     /s/ *Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)