IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KOSS CORPORATION, | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **6-20-CV-00665-ADA** |
| | § | |
| APPLE INC, | § | |
| *Defendant.* | § | |
| | § | |

## ORDER DENYING DEFENDANT APPLE INC'S MOTION TO STRIKE PLAINTIFF KOSS CORPORATION'S COMPLAINT

Came on for consideration this date is Defendant Apple Inc.'s Motion to Strike Plaintiff Koss Corporation's Complaint. Def.'s Mot. to Strike, ECF No. 12. The Court has considered the Motion, all relevant filings, and the applicable law. For the reasons set forth below, the Court finds that Defendant's Motion should be **DENIED**.

## I. BACKGROUND

On September 7, 2017, Koss Corporation informed Apple Inc. that it was infringing on one of Koss's patents—U.S. Patent No. 9,729,959. Pl.'s Comp. ECF No. 1, ¶ 70. Subsequently, Koss and Apple began discussion of Apple's infringement and a potential license for Apple. *Id.* at ¶ 71; Def.'s Mot., at 2. Koss then suggested that the parties enter into what is now known as the Confidentiality Agreement, which dated back to Koss and Apple's initial communications. Pl.'s Resp. to Mot. to Strike ECF No. 23, at 4. The Agreement contained the following relevant provisions:

> WHEREAS, the Parties have discussed or intend to discuss and evaluate a potential license, acquisition or other transactions relating to patents that Company represents it owns or controls (the "Patents") (the "Purpose"); and

> WHEREAS, for their mutual benefit, the Parties have disclosed or intend to disclose certain confidential information relating to the Purpose;

> . . .

1

1. DEFINITION OF COMMUNICATIONS. "Communications" means communications, discussions, presentations, documents, or notes exchanged between the Parties in any form, whether before or during the Term, in connection with the Purpose, including any other materials reflecting the content thereof.

. . .

5. RESTRICTIONS ON USE OF COMMUNICATIONS. In addition to Section 4, the Parties agree not to use or attempt to use any Communications, or the existence thereof, in a litigation or any other administrative or court proceeding for any purpose.

. . .

14. TERM AND TERMINATION. …Termination of this Agreement shall not relieve Recipient of its confidentiality and use obligations with respect to Discloser's Confidential Information and Communications disclosed prior to the date of termination. Sections 4 (Nondisclosure and Nonuse of Confidential Information, 5 (Restrictions on Use of Communications), 6 (Ownership of the Patents), 8 (Use in Certain Proceedings), 9 (Legally Required Disclosures), 10 (Subject to FRE 408), 15 (Export Controls, and 17 (No Assignment) shall survive termination and for the avoidance of doubt, shall run with the patents such that any successor in interest to any patents discussed is additionally bound to the obligations therein.

Def.'s Ex. 1, Confidentiality Agreement, ECF No. 12-1, at 1–4.

The Agreement was terminated on July 22, 2020 Def.'s Mot., at 3 no.1. Koss filed suit against Apple on July 22, 2020 alleging induced infringement, contributory infringement, and willful infringement on five of Koss's patents. Pl.'s Comp. at ¶¶ 75–144. Koss's Complaint references Koss's notice to Apple that it was infringing on U.S. Patent No. 9,729,959 and the Parties' subsequent pre-suit communications regarding the infringement. *Id.* at ¶¶ 70–71.

The parties do not dispute that some restriction on the Parties' use of Communications survived the termination. Def.'s Mot., at 3; Pl.'s Resp. at 4–5. Apple contends that that the Agreement prohibited the Parties from using or attempting to use any communication in litigation, and all restrictions on the Parties' use of "Communications" survived the termination

of the Agreement, as per Section 5. Def.'s Mot., at 2–3. Koss contends that the Agreement's

post-termination obligations only regulate a recipient party's use of the disclosing party's

confidential information, and Apple does not identify any of Apple's Confidential Information in

the Complaint. *Id.*

Apple filed a motion to strike under Federal Rule of Civil Procedure 12(f) on August 7,

2020. Def.'s Mot. Koss filed a response opposing the motion on August 24, 2020. Pl.'s Resp.

## II. LEGAL STANDARD

Federal Rules of Civil Procedure 12(f) permits a court to "strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court

may act on its own or on motion made by a party. Fed. R. Civ. P. 12(f). Motions to strike are

generally disfavored and should be used sparingly. *Augustus v. Bd. of Public Instruction of

Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). Striking a pleading is a drastic remedy

and is often sought as a dilatory or harassing tactic. *Sprint Solutions, Inc. v. Precise Wireless

Intern. Inc.*, No. H-15-0032, 2015 WL 235919, at *2 (S.D. Tex. May 15, 2015).

Courts will not strike pleadings simply because they "offend the sensibilities" of the

objecting party. *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). A court will grant a

motion to strike only when the pleading has "no possible relation to the controversy," *Augustus*,

306 F.2d at 868, and a "significant prejudice" would result if the Court denies the motion to

strike, *Blackmer v. Shadow Creek Ranch Dev. Co. P'ship*, No. 4:07-CV-681, 2007 WL 7239968,

at *2, (S.D. Tex. June 26, 2007). Courts should not strike a pleading when the challenged matter

is "directly relevant to the controversy at issue" and is at least "minimally supported" by the

allegations in the pleadings. *Augustus*, 306 F.2d at 868. Furthermore, courts should not decide a

disputed question of fact in a motion to strike. *Id.* Even when presented with a pure question of

law, courts should allow discovery and a hearing on the merits through summary judgment or at trial rather than strike the pleadings. *Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, No. A-13-CA-359 LY, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013).

### III. ANALYSIS

Apple asserts that Koss's complaint should be stricken because Koss relies solely on confidential communications governed by the Parties' Confidentiality Agreement. Def.'s Mot., at 4. Koss believes that the Agreement's post-termination language allows Koss to disclose the information relied on in the Complaint. Pl.'s Resp., at 5.

This Court finds that Koss's claims should not be stricken because the information alleged in Koss's complaint is not immaterial or prejudicial and the parties' Confidentiality Agreement does not prohibit the disclosure of such information.

> **i.      *Koss's disclosure is not immaterial or prejudicial.***

Apple argues that courts have stricken as "immaterial," and "potentially prejudicial" allegations relating to confidential discussions such as those at issue here. Def.'s Mot. at 5 (citing *IP Cube Partners Co. v. Telecomm. Sys.*, No. 15-CV-6334, 2016 WL 3248500, at *4 (S.D.N.Y. June 13, 2016); *Grid One Sols. v. Elster Amco Water*, No. 15-CV-3452, 2015 WL 8294040, at *4 (N.D. Cal. Dec. 9, 2015)). As Koss points out, these cases are concerned with settlement communications subject to Federal Rule of Evidence 408. Pl.'s Comp. at 11; *IP Cube Partners*, 2016 WL 3248500, at *4 (striking pleadings of post settlement communications); *Grid One Sols.*, 2015 WL 8294040, at *4 (striking information plead regarding confidential settlement communications). Rule 408 prohibits admission of conduct or statements made during compromise offers and negotiations regarding the claim at issue to prove or disprove the validity of such claim. Fed. R. Evid. 408(a). Pleadings that reveal settlement discussions would be

excluded under Rule 408 and, thus, have no possible relation to the controversy. *Washington v. Pacific Summit Energy LLC*, No. 4:20-CV-290, 2021 WL 229653, at *3 (S.D. Tex. Jan. 21, 2021).

Koss contends, and Apple does not seem to dispute, that the Koss's reference to notice and subsequent communications in its complaint is not type of confidential information prohibited under 408. Pl.'s Resp. at 10–11. Koss's complaint only references Koss's notice to Apple and that the parties had subsequent conversations regarding such alleged infringements. Pl.'s Comp. ¶¶ 70–71. Koss's complaint does not disclose the information discussed during such negotiations. Pl.'s Resp. at 7. Applying Rule 408 to the facts of this case would prevent a patentee from establishing notice to the infringer of willful, induced, and contributory infringement. This Court agrees with Koss, such an absurd result cannot stand. Pl.'s Resp. at 11.

   ii.    ***The Confidentiality Agreement does not prohibit the disclosure of the information in Koss's complaint.***

Apple seeks to have Koss's entire complaint stricken because it relies on confidential information. Def.'s Mot. at 5–6. Koss contends that the Termination provision of the Agreement only restricts the recipient of confidential information and communications from disclosing such. Pl.'s Resp. at 8. As such, Koss is free to disclose its own information and communication. *Id.* at 8–9. Moreover, Koss contends that even if the existence of Koss's and Apple's communications is made confidential by the Agreement, Apple has already made such information public in its own filings. Pl.'s Resp. at 8. This Court agrees that Koss's Complaint does not violate the Agreement between the Parties.

This Court agrees with Koss that the Agreement did not cover all information exchanged. Pl.'s Resp. at 7. ████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ The stated "Purpose" is evaluating licenses or transactions. Def.'s Ex. 1. Koss contends that Apple has not articulated why Koss providing Apple with notice of Apple's infringing conduct falls under the Purpose of the Agreement. Pl.'s Comp. at 8.

Apple does not contend Koss's Complaint discloses any of Apple's Confidential Information. Pl.'s Resp. at 7; *See generally* Def.'s Mot. As such, Koss points out that Apple has taken no steps to claw back any of the allegations contained in the complaint and has not sought a temporary restraining order or preliminary injunction to prevent the disclosure of any information or communications that may be covered by the Agreement. Pl.'s Comp. at 6. Apple's only contention is that Koss may not disclose Koss's own notification to Apple regarding Apple's infringement. Def.'s Mot. 4–5.

In support of its position to strike the entire complaint, Apple cites to *GVB MD v. Aetna Health Inc.*, which struck the pleadings revealing confidential and protected health information subject to a HIPAA-Qualified Protective Order and other information subject to a stipulated protective order. No. 19-22357, 2020 WL 1692635, at *2–4 (S.D. Fla. Spr. 7, 2020)). Unlike GVB, Koss's Complaint does not reference any information protected by a court-issued protective order. Pl.'s Resp. at 6.

Furthermore, Apple's own Motion to Strike and its California Complaint references the same communications that Koss relies on in its Complaint. Def.'s Mot. at 2–5; Pl.'s Ex. A, California Complaint, ¶¶ 36–54 (disclosing the existence of the same communication referred to in the Complaint). Neither of these documents have been filed under seal. This Court agrees with

Koss contends that the filing of such information in Apple's own documents suggests that Apple does not seek to actually keep this information confidential. Pl.'s Resp. at 8.

Thus, identifying the date at which Apple had notice of the infringements, especially without referencing the substance of such communications, does not violate the Parties Agreement. Additionally, whether Koss's pleadings fall within the terms of the parties' agreement is better resolved at trial or a summary judgment hearing. *Joe Hand Promotions, Inc. v. HRA Zone, L.L.C.*, No. A-13-CA-359 LY, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013). As such, this Court will not strike Koss's complaint should under Federal Rule of Civil Procedure 12(f).

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that Apple's Motion to Strike is **DENIED**.


SIGNED this 30th day of March, 2021.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE