**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| KOSS CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　　　　Defendant. | Case No.　　　6:20-cv-00665-ADA<br><br>**JURY TRIAL DEMANDED**<br><br><br>**PUBLIC VERSION** |
| APPLE INC.,<br><br>　　　　　　　Counterclaimant,<br><br>　v.<br><br>KOSS CORPORATION,<br><br>　　　　　　　Counter-defendant. | |

**DEFENDANT AND COUNTERCLAIMANT APPLE INC.'S FIRST AMENDED
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF AND
COUNTER-DEFENDANT KOSS CORPORATION'S COMPLAINT
FOR PATENT INFRINGEMENT**

Defendant Apple Inc. ("Apple"), through its undersigned counsel, submits this Amended

Answer, Affirmative Defenses, and Counterclaim to Koss Corporation's ("Koss") Complaint for

Patent Infringement ("Complaint") (Dkt. No. 1):

**NATURE OF THE ACTION**

1.　　　Apple admits that the Complaint purports to state claims of patent infringement

under 35 U.S.C. § 1 et seq., regarding U.S. Patent Nos. 10,206,025 (the "'025 Patent"); 10,298,451

(the "'451 Patent"); 10,469,934 (the "'934 Patent"); 10,491,982 (the "'982 Patent"); and

10,506,325 (the "'325 Patent") (collectively, "the Patents-in-Suit"). Apple denies that it has committed any acts of infringement.

## THE PARTIES

2.      Apple lacks information sufficient to admit or deny the allegations of paragraph 2.

3.      Apple admits that Koss markets and sells headphones under the Koss brand name. Apple lacks information sufficient to admit or deny the remaining allegations of paragraph 3.

4.      Apple lacks information sufficient to admit or deny the allegations of paragraph 4.

5.      Apple admits that it is a corporation organized and existing under the laws of the State of California, and that its principal place of business is at One Apple Park Way, Cupertino CA 95014. Apple further admits that it has facilities at 12535 Riata Vista Circle and 5501 West Parmer Lane in Austin, Texas. Apple lacks information sufficient to admit or deny the remaining allegations of paragraph 5.

6.      Apple admits that it has offices in Austin, Texas, and that employees of Apple have worked and will work at such offices. The remaining allegations of paragraph 6 are unclear, and thus Apple lacks information sufficient to admit or deny them.

7.      Apple admits it employs thousands of people, that some of those people perform engineering-related work, and that some of Apple's employees currently, or will in the future, work at Apple's facilities, including at Apple's facility in Austin. The remaining allegations of paragraph 7 are unclear, and thus Apple lacks information sufficient to admit or deny them.

8.      Apple is uncertain as to the meaning of the allegations in paragraph 8 and therefore cannot reasonably admit or deny those allegations.

9.      Apple admits that it employs an employee who has used the title Senior Manager, Wearables, Home & Accessories Supply Demand Management for Americas, in Austin, Texas.

Apple is uncertain as to the meaning of the remaining allegations of paragraph 9 and therefore cannot reasonably admit or deny those allegations.

10.     Apple admits that it employs an employee who has used the title Online Content Manager, in Austin, Texas. Apple is uncertain as to the meaning of the remaining allegations of paragraph 10, including whether they are duplicative of the allegations of paragraph 11, and therefore cannot reasonably admit or deny those allegations.

11.     Apple admits that it employs an employee who has used the title Online Content Manager, in Austin, Texas. Apple is uncertain as to the meaning of the remaining allegations of paragraph 11, including whether they are duplicative of the allegations in paragraph 10, and therefore cannot reasonably admit or deny those allegations.

12.     Apple denies the allegations of paragraph 12.

13.     Apple admits that it employs an employee who has used the title Specialty Programs Manager in Austin, Texas. Apple is uncertain as to the meaning of the remaining allegations of paragraph 13 and therefore cannot reasonably admit or deny those allegations.

14.     Apple admits it operates retail stores in Austin, Texas, referred to as "Barton Creek" and "Apple Domain NORTHSIDE." Apple lacks sufficient information to admit or deny the remaining allegations in this paragraph.

15.     Apple admits that it offers for sale, offered for sale, or sells in its stores certain Apple products including its AirPods, Beats-branded, Apple Watch, iPhone, and HomePod products. Apple is uncertain as to the remaining allegations of paragraph 15 and therefore cannot admit or deny them.

16.     Apple lacks sufficient information to admit or deny the allegations of paragraph 16.

17.     Apple admits the allegations of paragraph 17.

## JURISDICTION AND VENUE

18.     Apple admits that this Court has subject-matter jurisdiction to hear claims arising under the patent laws of the United States. Apple denies that it has committed acts of patent infringement. To the extent paragraph 18 contains an allegation that Koss has standing sufficient to vest the Court with subject-matter jurisdiction to hear the claims in Koss's Complaint, Apple lacks information sufficient to admit or deny that allegation.

19.     Apple admits that it is subject to specific personal jurisdiction in Texas, for the purposes of this case only. Apple admits that it conducts business in Texas, including this District, and California. Apple admits it has a registered agent for service in Texas. Apple denies that it has committed acts of infringement. Apple denies the remaining allegations of paragraph 19.

20.     Apple admits that it operates a website and advertises its products to consumers nationwide, including but not limited to those in this District. Apple admits that certain third parties sell Apple products online and in their stores nationwide. Apple admits it provides support services to its customers nationwide. Apple admits that it is subject to specific personal jurisdiction in Texas for this case only. Apple denies the remaining allegations of paragraph 20.

21.     Apple admits that it has places of business, including at 12535 Riata Vista Circle and 5501 West Palmer Lane, in Austin, Texas. For the purposes of this case only, Apple does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1400(b) but denies that venue in this District is convenient or in the interests of justice pursuant to 28 U.S.C. § 1404(a). Apple denies that any subsection of 28 U.S.C. § 1391 provides a basis for alleging or establishing venue in this or any action for patent infringement. Apple denies that it has committed any acts of patent infringement and further denies the remaining allegations of paragraph 21.

## KOSS'S FACTUAL ALLEGATIONS

22.    Apple lacks sufficient information to admit or deny the allegations of paragraph 22.

23.    Apple lacks sufficient information to admit or deny the allegations of paragraph 23.

24.    Apple lacks sufficient information to admit or deny the allegations of paragraph 24.

25.    Apple lacks sufficient information to admit or deny the allegations of paragraph 26.

26.    Apple lacks sufficient information to admit or deny the allegations of paragraph 27.

27.    Apple lacks sufficient information to admit or deny the allegations of paragraph 28.

28.    Apple lacks sufficient information to admit or deny the allegations of paragraph 28.

29.    Apple lacks sufficient information to admit or deny the allegations of paragraph 29.

30.    Apple lacks sufficient information to admit or deny the allegations of paragraph 30.

31.    Apple lacks sufficient information to admit or deny the allegations of paragraph 31.

32.    Apple lacks sufficient information to admit or deny the allegations of paragraph 32.

33.    Apple lacks sufficient information to admit or deny the allegations of paragraph 33.

34.    Apple lacks sufficient information to admit or deny the allegations of paragraph 34.

35.    Apple lacks sufficient information to admit or deny the allegations of paragraph 35.

36.    Apple lacks sufficient information to admit or deny the allegations of paragraph 36.

37.    Apple lacks sufficient information to admit or deny the allegations of paragraph 37.

38.    Apple lacks sufficient information to admit or deny the allegations of paragraph 38.

39.    Apple lacks sufficient information to admit or deny the allegations of paragraph 39.

40.    Apple lacks sufficient information to admit or deny the allegations of paragraph 40.

41.    Apple lacks sufficient information to admit or deny the allegations of paragraph 41.

42.    Apple lacks sufficient information to admit or deny the allegations of paragraph 42.

43.    Apple lacks sufficient information to admit or deny the allegations of paragraph 43.

44.     Apple lacks sufficient information to admit or deny the allegations of paragraph 44.

45.     Apple lacks sufficient information to admit or deny the allegations of paragraph 45.

46.     Apple denies the allegations of paragraph 46.

47.     Apple denies the allegations of paragraph 47.

48.     Apple denies the allegations of paragraph 48.

49.     Apple lacks sufficient information to admit or deny the allegations of paragraph 49.

50.     Apple admits the statement quoted in paragraph 50 appears on the website listed in paragraph 50. Apple lacks sufficient information to admit or deny the veracity of the publication and the remaining allegations of paragraph 50.

51.     Apple denies the allegations of paragraph 51.

52.     Apple denies the allegations of paragraph 52.

53.     Apple lacks sufficient information to admit or deny the allegations of paragraph 53.

54.     Apple lacks sufficient information to admit or deny the allegations of paragraph 54.

55.     Apple lacks sufficient information to admit or deny the allegations of paragraph 55.

56.     Apple lacks sufficient information to admit or deny the allegations of paragraph 56.

57.     Apple lacks sufficient information to admit or deny the allegations of paragraph 57.

58.     Apple denies the allegations of paragraph 58.

59.     Apple denies the allegations of paragraph 59.

60.     Apple admits that it announced its acquisition of Beats Electronics, which makes headphones and speakers, and its streaming music service Beats Music, in 2014. Apple admits that Beats Electronics's first wireless headphone, Beats by Dr. Dre Wireless, was released in 2012. Apple is unable to ascertain the meaning of the remaining allegations of this paragraph and therefore cannot admit or deny them.

61.     Apple admits that it publicly announced its AirPods on September 7, 2016. Apple admits that it describes its AirPods in the cited press release dated September 7, 2016, as: "new wireless headphones that use advanced technology to reinvent how we listen to music, make phone calls, enjoy TV shows and movies, play games and interact with Siri, providing a wireless audio experience not possible before." Apple further admits that the press release contains a quotation which stated: "AirPods are simple and magical to use, with no switches or buttons, automatically connecting to all your Apple devices simply and seamlessly, and letting you access Siri with just a double tap. We can't wait for users to try them with iPhone 7 and Apple Watch Series 2." Apple admits the press release states: "AirPods can intelligently and seamlessly switch from a call on your iPhone to listening to music on your Apple Watch." Apple admits that this announcement occurred approximately two years after Apple purchased Beats Electronics and Beats Music. Apple denies the remaining allegations of paragraph 61.

62.     Apple admits that Beats by Dre publicly announced its Powerbeats[3] Wireless earphones on September 7, 2016. Apple admits that the Powerbeats[3] Wireless do not need to be "physically plugged into a device" to play music, and that its two headphones are connected. Apple admits that Beats by Dr. Dre publicly announced its Powerbeats Pro wireless earphones on April 3, 2019. Apple admits that the Powerbeats Pro use an Apple H1 Chip. Apple lacks information sufficient to admit or deny the remaining allegations of paragraph 62.

63.     The allegations of paragraph 63 are not sufficiently clear to be reasonably susceptible of a response, and therefore Apple lacks sufficient information to admit or deny them.

64.     Apple admits that the '025 Patent was issued on February 12, 2019, by the U.S. Patent and Trademark Office ("PTO") and is entitled "System with Wireless Earphones." Apple

further admits that a document appearing on its face to be a copy of the '025 Patent is attached to the Complaint as Exhibit A. Apple denies that the '025 Patent was issued duly or legally.

65. Apple admits that the '451 Patent was issued on May 21, 2019, by the PTO, and is entitled "Configuring Wireless Devices for a Wireless Infrastructure Network." Apple further admits that a document appearing on its face to be a copy of the '451 Patent is attached to the Complaint as Exhibit B. Apple denies that the '451 Patent was issued duly or legally.

66. Apple admits that the '934 Patent was issued on November 5, 2019, by the PTO, and is entitled "System with Wireless Earphones." Apple further admits that a document appearing on its face to be a copy of the '934 Patent is attached to the Complaint as Exhibit C. Apple denies that the '934 Patent was issued duly or legally.

67. Apple admits that the '982 Patent was issued on November 26, 2019, by the PTO, and is entitled "System with Wireless Earphones." Apple further admits that a document appearing on its face to be a copy of the '982 Patent is attached to the Complaint as Exhibit D. Apple denies that the '982 Patent was issued duly or legally.

68. Apple admits that the '325 Patent was issued on December 10, 2019, by the PTO, and is entitled "System with Wireless Earphones." Apple further admits that a document appearing on its face to be a copy of the '325 Patent is attached to the Complaint as Exhibit E. Apple denies that the '325 Patent was issued duly or legally.

69. Apple denies that the Patents-in-Suit "represent Koss's significant investment into the wireless headphone and wearable technology space." Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 69.

**THE PATENTS-IN-SUIT**

**APPLE'S KNOWLEDGE OF THE PATENTS-IN-SUIT**

70.     Apple denies that any legally-operative notice occurred, including because Koss's allegations of paragraph 70 violate Section 5 of a confidentiality agreement between the parties, which had an effective date of August 6, 2017 (hereinafter "Confidentiality Agreement"). Apple denies any remaining allegations of paragraph 70.

71.     Apple denies that any legally-operative notice occurred, including because Koss's allegations of paragraph 71 violate Section 5 of the Confidentiality Agreement. Apple denies any remaining allegations of paragraph 71.

72.     Apple denies that any legally-operative notice occurred, including because Koss's allegations of paragraph 72 violate Section 5 of the Confidentiality Agreement. Apple denies any remaining allegations of paragraph 72.

73.     Apple admits that it, itself, has not taken a license to any of the Patents-in-Suit. Apple denies any remaining allegations of paragraph 73.

74.     Because Apple does not infringe and has never infringed the Patents-in-Suit, and because the Patents-in-Suit are not valid, Apple has not needed to alter the functionality of any of its products to avoid infringement of any of the Patent-in-Suit. Apple denies any remaining allegations of paragraph 74.

**FIRST CAUSE OF ACTION**

**(Infringement of the '025 Patent)**

75.     Apple repeats and incorporates by reference its responses to paragraphs 1 through 74 above.

76.     Apple denies that Apple has infringed the '025 Patent and further denies that Apple owes Koss damages. Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 76.

77.     Apple denies the allegations of paragraph 77.

78.     Apple denies the allegations of paragraph 78.

79.     Apple admits that it has sold and offered for sale certain models of AirPods and certain Beats-branded products in the United States. Apple is uncertain of the meaning of the remaining allegations of paragraph 79 and therefore cannot admit or deny them.

80.     Apple denies that it has infringed or is infringing any claim of the '025 Patent. Apple denies the remaining allegations of paragraph 80.

81.     Apple denies inducing or actively inducing infringement of any claim of the '025 Patent. Apple denies the remaining allegations of paragraph 81.

82.     Apple denies that it has infringed or is infringing any claim of the '025 Patent and denies that it is liable for contributory infringement. Apple denies the remaining allegations of paragraph 82.

83.     Apple does not infringe and has never infringed the '025 Patent. Apple denies the remaining allegations of paragraph 83.

84.     Apple does not infringe and has never infringed the '025 Patent. Apple denies the remaining allegations of paragraph 84.

85.     Apple does not infringe and has never infringed the '025 Patent. To the extent paragraph 85 alleges that Koss placed Apple on notice of the '025 Patent, or of its alleged infringement thereof, in a manner that is sufficient to support claims of willful or indirect

infringement, Apple denies that allegation; further, Koss is contractually barred from making that allegation. Apple denies any remaining allegations of paragraph 85.

86.     Apple does not infringe and has never infringed the '025 Patent. Apple denies the remaining allegations of paragraph 86.

87.     Apple does not infringe and has never infringed the '025 Patent. Apple denies the remaining allegations of paragraph 87.

88.     This paragraph states a conclusion of law to which Apple contends no response is required. To the extent any response is required, Apple lacks information sufficient to admit or deny the allegations of paragraph 88.

## SECOND CAUSE OF ACTION

## (Infringement of the '451 Patent)

89.     Apple repeats and incorporates by reference its responses to paragraphs 1 through 88 above.

90.     Apple denies that Apple has infringed the '451 Patent and further denies that Apple owes Koss damages. Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 90.

91.     Apple denies the allegations of paragraph 91.

92.     Apple denies the allegations of paragraph 92.

93.     Apple admits that it has sold and offered for sale certain models of the HomePod and Apple Watch in the United States. Apple is uncertain as to the meaning of the remaining allegations of paragraph 93 and therefore cannot admit or deny them.

94.     Apple denies that it has infringed or is infringing any claim of the '451 Patent. Apple denies the remaining allegations of paragraph 94.

95.     Apple denies inducing or actively inducing infringement of any claim of the '451 Patent. Apple denies the remaining allegations of paragraph 96.

96.     Apple denies that it has infringed or is infringing any claim of the '451 Patent and denies that it is liable for contributory infringement. Apple denies the remaining allegations of paragraph 96.

97.     Apple does not infringe and has never infringed the '451 Patent. Apple denies the remaining allegations of paragraph 97.

98.     Apple does not infringe and has never infringed the '451 Patent. Apple denies the remaining allegations of paragraph 98.

99.     Apple does not infringe and has never infringed the '451 Patent. To the extent paragraph 99 alleges that Koss placed Apple on notice of the '451 Patent, or of its alleged infringement thereof, in a manner that is sufficient to support claims of willful or indirect infringement, Apple denies that allegation; further, Koss is contractually barred from making that allegation. Apple denies any remaining allegations of paragraph 99.

100.    Apple does not infringe and has never infringed the '451 Patent. Apple denies the remaining allegations of paragraph 100.

101.    Apple does not infringe and has never infringed the '451 Patent. Apple denies the remaining allegations of paragraph 101.

102.    This paragraph states a conclusion of law to which Apple contends no response is required. To the extent any response is required, Apple lacks information sufficient to admit or deny the allegations of paragraph 102.

## THIRD CAUSE OF ACTION

### (Infringement of the '934 Patent)

103.     Apple repeats and incorporates by reference its responses to paragraphs 1 through 102 above.

104.     Apple denies that Apple has infringed the '934 Patent and further denies that Apple owes Koss damages. Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 104.

105.     Apple denies the allegations of paragraph 105.

106.     Apple denies the allegations of paragraph 106.

107.     Apple admits that it has sold and offered for sale certain models of AirPods and Beats-branded products in the United States. Apple is uncertain of the meaning of the remaining allegations of paragraph 107 and therefore cannot admit or deny them.

108.     Apple denies that it has infringed or is infringing any claim of the '934 Patent. Apple denies the remaining allegations of paragraph 108.

109.     Apple denies inducing or actively inducing infringement of any claim of the '934 Patent. Apple denies the remaining allegations of paragraph 109.

110.     Apple denies that it has infringed or is infringing any claim of the '934 Patent and denies that it is liable for contributory infringement. Apple denies the remaining allegations of paragraph 110.

111.     Apple does not infringe and has never infringed the '934 Patent. Apple denies the remaining allegations of paragraph 111.

112.     Apple does not infringe and has never infringed the '934 Patent. Apple denies the remaining allegations of paragraph 112.

113.    Apple does not infringe and has never infringed the '934 Patent. To the extent paragraph 113 alleges that Koss placed Apple on notice of the '934 Patent, or of its alleged infringement thereof, in a manner that is sufficient to support claims of willful or indirect infringement, Apple denies that allegation; further, Koss is contractually barred from making that allegation. Apple denies any remaining allegations of paragraph 113.

114.    Apple does not infringe and has never infringed the '934 Patent. Apple denies the remaining allegations of paragraph 114.

115.    Apple does not infringe and has never infringed the '934 Patent. Apple denies the remaining allegations of paragraph 115.

116.    This paragraph states a conclusion of law to which Apple contends no response is required. To the extent any response is required, Apple lacks information sufficient to admit or deny the allegations of paragraph 116.

## FOURTH CAUSE OF ACTION

### (Infringement of the '982 Patent)

117.    Apple repeats and incorporates by reference its responses to paragraphs 1 through 116 above.

118.    Apple denies that Apple has infringed the '982 Patent and further denies that Apple owes Koss damages. Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 118.

119.    Apple denies the allegations of paragraph 119.

120.    Apple denies the allegations of paragraph 120.

121.    Apple admits that it has sold and offered for sale certain models of AirPods in the United States. Apple is uncertain of the meaning of the remaining allegations of paragraph 121 and therefore cannot admit or deny them.

122.    Apple denies that it has infringed or is infringing any claim of the '982 Patent. Apple denies the remaining allegations of paragraph 122.

123.    Apple denies inducing or actively inducing infringement of any claim of the '982 Patent. Apple denies the remaining allegations of paragraph 123.

124.    Apple denies that it has infringed or is infringing any claim of the '982 Patent and denies that it is liable for contributory infringement. Apple denies the remaining allegations of paragraph 124.

125.    Apple does not infringe and has never infringed the '982 Patent. Apple denies the remaining allegations of paragraph 125.

126.    Apple does not infringe and has never infringed the '982 Patent. Apple denies the remaining allegations of paragraph 126.

127.    Apple does not infringe and has never infringed the '982 Patent. To the extent paragraph 127 alleges that Koss placed Apple on notice of the '982 Patent, or of its alleged infringement thereof, in a manner that is sufficient to support claims of willful or indirect infringement, Apple denies that allegation; further, Koss is contractually barred from making that allegation. Apple denies any remaining allegations of paragraph 127.

128.    Apple does not infringe and has never infringed the '982 Patent. Apple denies the remaining allegations of paragraph 128.

129.    Apple does not infringe and has never infringed the '982 Patent. Apple denies the remaining allegations of paragraph 129.

130.    This paragraph states a conclusion of law to which Apple contends no response is required. To the extent any response is required, Apple lacks information sufficient to admit or deny the allegations of paragraph 130.

## FIFTH CAUSE OF ACTION

### (Infringement of the '325 Patent)

131.    Apple repeats and incorporates by reference its responses to paragraphs 1 through 130 above.

132.    Apple denies that it has infringed the '325 Patent and further denies that it owes Koss damages. Apple lacks sufficient information to admit or deny the remaining allegations of paragraph 132.

133.    Apple denies the allegations of paragraph 133.

134.    Apple denies the allegations of paragraph 134.

135.    Apple admits that it has sold and offered for sale certain models of AirPods in the United States. Apple is uncertain of the intended meaning of the remaining allegations of paragraph 135 and therefore cannot admit or deny them.

136.    Apple denies that it has infringed or is infringing any claim of the '325 Patent. Apple denies the remaining allegations of paragraph 136.

137.    Apple denies inducing or actively inducing infringement of any claim of the '325 Patent. Apple denies the remaining allegations of the paragraph 137.

138.    Apple denies that it has infringed any claim of the '325 Patent and denies that it is liable for contributory infringement. Apple denies the remaining allegations of paragraph 138.

139.    Apple does not infringe and has never infringed the '325 Patent. Apple denies the remaining allegations of paragraph 139.

140.    Apple does not infringe and has never infringed the '325 Patent. Apple denies the remaining allegations of paragraph 140.

141.    Apple does not infringe and has never infringed the '325 Patent. To the extent paragraph 141 alleges that Koss placed Apple on notice of the '325 Patent, or of its alleged infringement thereof, in a manner that is sufficient to support claims of willful or indirect infringement, Apple denies that allegation; further, Koss is contractually barred from making that allegation. Apple denies any remaining allegations of paragraph 141.

142.    Apple does not infringe and has never infringed the '325 Patent. Apple denies the remaining allegations of paragraph 142.

143.    Apple does not infringe and has never infringed the '325 Patent. Apple denies the remaining allegations of paragraph 143.

144.    This paragraph states a conclusion of law to which Apple contends no response is required. To the extent any response is required, Apple lacks information sufficient to admit or deny the allegations of paragraph 144.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple demands a trial by jury of all issues so triable.

## RESPONSE TO KOSS'S PRAYER FOR RELIEF

To the extent a response to Koss's Prayer for Relief is required, Apple denies that Koss is entitled to any relief in any form.

## APPLE'S AFFIRMATIVE DEFENSES

Apple sets forth the following defenses to the claims set forth in the Complaint. Apple undertakes the burden of proof only with respect to those defenses where that burden rests with Apple by law.

## FIRST DEFENSE – NON-INFRINGEMENT

Neither Apple nor any of its actions or products infringe any claim of the '025, '451, '934, '982, or '325 Patents, whether directly or indirectly, and whether literally or under the doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY

Each of the asserted claims of the '025, '451, '934, '982, and '325 Patents are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## THIRD DEFENSE – UNPATENTABLE SUBJECT MATTER

Each of the asserted claims of the '025, '451, '934, '982, and '325 Patents are invalid under 35 U.S.C. § 101 because it is directed to an abstract idea and fails to recite any inventive concept that is substantially more than an abstract idea.

## FOURTH DEFENSE – CONTRACTUAL BAR

Koss's claims of willful and indirect infringement, as pled, are barred by Section 5 of the Confidentiality Agreement between Apple and Koss which had an effective date of August 6, 2017. Section 5 of the Confidentiality Agreement prohibits the parties from using or attempting to use "any Communications, or the existence thereof, in a litigation or any other administrative or court proceeding for any purpose." Thus, Koss is contractually barred from using, referencing, or relying upon such Communications in this litigation.

## APPLE'S COUNTERCLAIM

Apple files this Counterclaim to enjoin Koss from further breaching the Confidentiality Agreement between the parties that Koss represented would allow Apple and Koss to freely discuss Koss's patents, and its claims regarding them, without those confidential discussion later being used against either party in litigation.

In support of its Counterclaim, Apple alleges as follows:

## NATURE OF THE ACTION

1.      In 2017, Koss sought out Apple in a purported attempt to engage in licensing discussions. Despite Apple's request that all discussions be conducted without restriction, Koss insisted that the parties enter into a written Confidentiality Agreement. The parties ultimately signed such an agreement, with an effective date of August 6, 2017 ("Confidentiality Agreement"). (Dkt. No. 20.[1]) In the Confidentiality Agreement, Koss and Apple agreed that neither party would "use or attempt to use any Communications [between the parties], or the existence thereof, in a litigation or any other administrative or court proceeding for any purpose." (Dkt. No. 20, § 5.)

2.      According to the terms of the Confidentiality Agreement, while the agreement was in force, Apple could not advise a Court of Koss's threats to file baseless infringement claims or ask a Court to declare Apple's rights and resolve the legal uncertainty it faced. The Confidentiality Agreement also restricted how Apple could disclose and use the existence and contents of the discussions. But the Confidentiality Agreement also protected Apple: Under the Confidentiality Agreement, Koss was not permitted to later use the fact that Apple had agreed to a discussion with

---

[1] The Confidentiality Agreement was originally excerpted and attached to Apple's Motion to Strike (Dkt. No. 12) in redacted form (Dkt. No. 12-1) and was later filed in its entirety, under seal at Dkt. No. 20. Apple cites to the full, sealed version (Dkt. No. 20) for any references herein to the Confidentiality Agreement.

Koss, or the contents of any such discussion, against Apple in litigation. In other words, having enticed Apple to participate in discussions, reveal information, and forego some of its legal options, Koss could not use Apple's participation against it as a "gotcha" to bring claims in a later litigation.

3.      That, however, is exactly what Koss did. After securing Apple's assent to the Confidentiality Agreement, Koss filed its Complaint for patent infringement (Dkt. No. 1) which revealed and described the parties' discussions, and contained multiple claims that relied on the very discussions Koss had agreed not to use in litigation. For example, Koss alleged in its Complaint that it had "informed Apple that it was infringing" one of Koss's patents on September 7, 2017, and that, "over the following two and a half years, Koss and its representatives met with Apple a total of four times in Apple's California offices" to discuss claim charts and infringement allegations. (Dkt. No. 1, ¶¶ 70, 71.)

4.      Koss's willful and ongoing violations of the Confidentiality Agreement must be addressed. Koss has shown that it will not abide by the Confidentiality Agreement and will violate its express terms, and continue to violate such terms, without any regard for its contractual obligations or for the harm inflicted on Apple. Unless enjoined, Koss is likely to continue impermissibly breaching the Confidentiality Agreement.

5.      In response to Koss's violations of the Confidentiality Agreement, Apple filed an action in the Northern District of California (Compl. for Declaratory J., *Apple Inc. v. Koss Corp.*, No. 4:20-cv-05504-JST (N.D. Cal.) ("N.D. Cal. Action"), Dkt. No. 1) on August 7, 2020, seeking to enjoin Koss from future breaches of its contractual obligations and a declaratory judgment of Apple's non-infringement. ███████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ The Northern District

of California stayed Apple's case on November 4, 2020, in view of this infringement action.

(Minute Entry, N.D. Cal. Action, Dkt. No. 39.)

## THE PARTIES

6.      Counterclaimant Apple Inc. is a California corporation having its principal place of business at One Apple Park Way, Cupertino, California 95014.

7.      Apple has over 35,000 employees who work in or near its headquarters in Cupertino, California.

8.      Apple is a leading designer and manufacturer of mobile communication devices, personal computers, portable digital media players, and headphones. As a result of its significant investment in research and development, Apple has developed innovative technologies that have changed the face of the computing and telecommunications industries for four decades.

9.      Apple's many pioneering and revolutionary products reflect decades of innovation, and include the Macintosh PC (first released in 1984), PowerBook (first released in 1991), Newton (first released in 1993), PowerMac (first released in 1994), iMac (first released in 1998), iPod (first released in 2001), iTunes Store (opened in 2003), MacBook (first released in 2006), iPhone and Apple TV (first released in 2007), Apple App Store (opened in 2008), Siri (first released 2010), iPad (first released in 2010), Apple Watch (first released in 2015), and AirPods (first released in 2016).

10.     The United States Patent & Trademark Office has awarded Apple thousands of patents protecting the technological inventions underlying Apple's groundbreaking products and services, including on technology relating to Apple's AirPods and HomePod products.

11.     Many well-known functionalities and features of Apple's products were made possible with the inventions of Apple engineers working in and around its Cupertino headquarters.

12.     On information and belief, Counter-defendant Koss Corporation is a company organized and existing under the laws of Delaware with a principal place of business at 4129 N. Port Washington Avenue, Milwaukee, Wisconsin 53212.

### JURISDICTION AND VENUE

13.     The Court has subject-matter jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332(a)(1) because Apple and Koss are citizens of different states and the amount in controversy herein exceeds $75,000. As set forth above, Apple is incorporated in and has its principal place of business in the state of California. Koss is incorporated in the state of Delaware and has its principal place of business in Wisconsin. Therefore, the claims asserted herein are between citizens of different states. Further, the amount in controversy of the breach-of-contract claim herein exceeds $75,000. This Counterclaim seeks relief in the form of an injunction barring Koss from violating a contractual agreement between the parties by, among other things, making contractually-barred (and false) claims that Apple willfully and indirectly infringes certain patents. The value of this relief exceeds $75,000 at least because the cost to Apple of defending against claims brought in breach of the parties' Confidentiality Agreement would exceed that amount.

14.     The Court also has supplemental jurisdiction over Apple's breach-of-contract Counterclaim asserted herein pursuant to 28 U.S.C. § 1367 because it is so related to Koss's claims and Apple's defenses thereto that it comprises part of the same case or controversy. Specifically,

Apple's breach of contract claim asserted herein is based in part on the fact that Koss has asserted claims against Apple relating to the patents at issue that are barred by the contract at issue.

15.     By filing its Complaint for patent infringement, Koss has consented to the personal jurisdiction of this Court.

16.     Apple has brought its Counterclaim in this District because the facts and circumstances alleged in the Counterclaim are related to the facts and circumstances of Koss's infringement allegations and Apple's affirmative defense pertaining to the Confidentiality Agreement, and because Apple's case in the Northern District of California is stayed in view of this infringement action. This District is not the most convenient forum for this case. Instead, Apple believes that the Northern District of California is the proper and clearly most convenient district for this action. But to ensure its breach of contract claim is presented and preserved, Apple brings it as a counterclaim in this action.

17.     The appropriate venue for this dispute is in California. Koss alleges in its Complaint that it met with Apple several times in Apple's Cupertino, California, offices, which are in the Northern District of California. Further, Apple is headquartered in the Northern District of California, and the allegedly infringing products are designed and developed by Apple engineers working in or near Apple's Cupertino, California, headquarters.

18.     To the extent that the infringement action against Apple proceeds in this District and that venue is proper in this Court for Koss's infringement claims against Apple, venue is likewise proper in this judicial district for the Counterclaim enumerated below under 28 U.S.C. § 1391, as a result of Koss having filed its patent infringement action in this District.

## FACTUAL BACKGROUND

**A.      The Confidentiality Agreement.**

19.      Koss and Apple entered into a written agreement entitled "Confidentiality Agreement" with an effective date of August 6, 2017 (the "Confidentiality Agreement"). The Confidentiality Agreement identified Apple and Koss as the parties thereto, stating: "This Confidentiality Agreement (the "Agreement") is entered into and is effective as of August 6, 2017 (the "Effective Date") by and between Apple Inc., having its principal place of business at 1 Infinite Loop, Cupertino, California 95014, and its affiliates ("Apple") and Koss Corporation, a Delaware corporation, having its principal place of business at 4129 N. Port Washington Rd., Milwaukee, WI 53212, its affiliates and successors in interest to the Patents (collectively "Company") (each of Apple and Company a "Party" and together "Parties")." (Dkt. No. 20 at 1.)

20.      The Confidentiality Agreement is an enforceable contract.

21.      Section 5 of the Confidentiality Agreement states:

> **5.   RESTRICTIONS ON USE OF COMMUNICATIONS.** In addition to Section 4, the Parties agree not to use or attempt to use any Communications, or the existence thereof, in a litigation or any other administrative or court proceeding for any purpose.

22.      Section 1 of the Confidentiality Agreement defines "Communications" as follows:

> **1.   DEFINITION OF COMMUNICATIONS.** "**Communications**" means communications, discussions, presentations, documents, or notes exchanged between the Parties in any form, whether before or during the Term, in connection with the Purpose, including any other materials reflecting the content thereof.

23.     The Confidentiality Agreement defines the "Purpose" as discussions and evaluations regarding "a potential license, acquisition or other transactions relating to patents that [Koss] represents it owns or controls." (Dkt. No. 20 at 1.)

24.     The parties to the Confidentiality Agreement understood and intended, at the time they executed the Confidentiality Agreement, that discussions relating to allegations of infringement of patents that Koss represented that it owns or controls fell within the "Purpose" of the Confidentiality Agreement.

25.     Section 14 of the Confidentiality Agreement states that: "Termination of this Agreement shall not relieve Recipient of its confidentiality and use obligations with respect to Discloser's Confidential Information and Communications disclosed prior to the date of termination."

26.     Section 14 of the Confidentiality Agreement further states that: "Section[ ] . . . 5 (Restrictions on Use of Communications) . . . shall survive termination[.]"

27.     Therefore, under Section 14 of the Confidentiality Agreement, the obligations of Section 5, including the restriction on the use of any Communications, survives any termination of the Agreement.

28.     The Confidentiality Agreement was terminated by Koss as of July 22, 2020.

29.     The obligations of Section 5 of the Confidentiality Agreement were therefore in force on July 22, 2020, and remain in force today.

30.     Under Section 20 of the Confidentiality Agreement, Apple may seek an injunction or other equitable relief to enforce any right or obligation under the Agreement, including to enforce the restrictions on the use of Communications described in Section 5.

31.     Duly authorized representatives of Apple and Koss, with authority to bind their respective parties, signed the Confidentiality Agreement.

32.     The promises embodied in the Confidentiality Agreement were supported by consideration.

33.     On July 22, 2020, Koss filed this lawsuit against Apple, alleging that certain of Apple's products infringe United States Patent Nos. 10,206,025 (the "'025 Patent"); 10,298,451 (the "'451 patent"); 10,469,934 (the "'934 Patent"); 10,491,982 (the "'982 Patent"); and 10,506,325 (the "'325 Patent") (collectively, the "Patents-in-Suit").

34.     On at least eighteen separate occasions, the Complaint describes, references, uses, and relies on purported communications between Koss and Apple. Some examples are provided below.

35.     Paragraph 70 of the Complaint states: "On September 7, 2017 Koss informed Apple that it was infringing U.S. Patent No. 9,729,959, a parent of several of the Patents-in-Suit."

36.     The reference in Paragraph 70 of the Complaint to "Koss inform[ing] Apple" of its supposed infringement of the '959 Patent is a reference to a purported communication from Koss, or its attorneys or agents, to Apple.

37.     The purported communication by which Koss allegedly "informed" Apple of its supposed infringement of the '959 Patent, as referenced in Paragraph 70 of the Complaint, is a "Communication" within the definition of Section 5 of the Confidentiality Agreement between Koss and Apple.

38.     By including Paragraph 70 in the Complaint, Koss has used, in litigation, Communications subject to Section 5 of the Confidentiality Agreement.

26

39.     Paragraph 71 of the Complaint states: "Over the following two and a half years, Koss and its representatives met with Apple a total of four times in Apple's California offices and in the course of those meetings, as well as several additional email exchanges, provided Apple with claim charts identifying how Apple infringed certain of Koss's patents, including each of the Patents-in-Suit."

40.     The references in Paragraph 71 of the Complaint to purported "meetings" and "email exchanges" by which Koss "provided Apple with claim charts" are purported references to written or oral communications between Koss, or its attorneys or agents, and Apple.

41.     The purported "meetings" and "email exchanges" by which Koss "provided Apple with claim charts," as referenced in Paragraph 71 of the Complaint, are "Communications" within the definition of Section 5 of the Confidentiality Agreement between Koss and Apple.

42.     By including Paragraph 71 in the Complaint, Koss has used, in litigation, Communications subject to Section 5 of the Confidentiality Agreement.

43.     Paragraph 72 of the Complaint states: "Prior to the filing of the instant Complaint, Koss informed Apple of its belief that Apple was infringing each of the Patents-in-Suit."

44.     The reference in Paragraph 72 of the Complaint to "Koss inform[ing] Apple" of its supposed infringement of the Patents-in-Suit, is a reference to a purported communication from Koss, or its attorneys or agents, to Apple.

45.     The purported communication by which Koss allegedly "informed" Apple of its supposed infringement of the Patents-in-Suit, as referenced in Paragraph 72 of the Complaint, is a "Communication" within the definition of Section 5 of the Confidentiality Agreement between Koss and Apple.

46.     By including Paragraph 72 in the Complaint, Koss has used, in litigation, Communications subject to Section 5 of the Confidentiality Agreement.

47.     Paragraph 85 of the Complaint states: "Upon information and belief, Apple was aware of its infringement of the '025 Patent at least as early as February 12, 2019, when the '025 Patent issued, through Apple's own freedom-to-operate analysis, **initiated, in part, due to the communications Apple was having with Koss at that time**." (Emphasis added.)

48.     The reference in Paragraph 85 of the Complaint to "the communications Apple was having with Koss at that time" is a reference to purported communications between Koss, or its attorneys or agents, and Apple.

49.     The purported "communications Apple was having with Koss," referenced in Paragraph 85 of the Complaint, are "Communications" within the definition of Section 5 of the Confidentiality Agreement between Koss and Apple.

50.     By including Paragraph 85 in the Complaint, Koss has used, in litigation, Communications subject to Section 5 of the Confidentiality Agreement.

51.     Koss's Complaint alleges that Apple induced infringement of each of the Patents-in-Suit. This claim requires, as Koss acknowledges, that Apple had knowledge of the Patents-in-Suit prior to the filing of the Complaint and that Apple acted with knowledge that it was inducing infringement.

52.     Koss's only bases for its allegations of induced infringement in its Complaint are purported communications whose use in litigation is barred under the Confidentiality Agreement.

53.     Koss's Complaint alleges that Apple is liable for contributory infringement of each of the Patents-in-Suit. This claim requires, as Koss acknowledges, that Apple had knowledge of

the Patents-in-Suit prior to the filing of the Complaint and that Apple acted with knowledge that its products were especially made for use in an infringement of the relevant patents.

54.     Koss's only bases for its allegations of contributory infringement in its Complaint are purported communications whose use in litigation is barred under the Confidentiality Agreement.

55.     Koss's Complaint alleges that Apple willfully and indirectly infringed each of the Patents-in-Suit. This claim requires, as Koss acknowledges, that Apple had knowledge of the Patents-in-Suit prior to the filing of the Complaint.

56.     Koss's only bases for these allegations of willful and indirect infringement in its Complaint are purported communications whose use in litigation is barred under the Confidentiality Agreement.

## COUNT ONE

### Breach of Contract (Section 5 of the Confidentiality Agreement)

57.     Apple incorporates by reference the preceding allegations of its Complaint.

58.     Under Section 5 of the Confidentiality Agreement, Koss was prohibited from using or attempting to use "any Communications, or the existence thereof, in a litigation or any other administrative or court proceeding for any purpose."

59.     The Confidentiality Agreement was and is a valid written contract between Apple and Koss, executed by duly authorized representatives of the parties thereto, and supported by consideration.

60.     The obligations of Section 5 of the Confidentiality Agreement were in effect and in force as of July 22, 2020, and remain in effect today.

61.     In filing the Complaint on July 22, 2020, Koss disclosed and used "Communications," as that term is defined in the Confidentiality Agreement.

62.     Paragraphs 70, 71, 72, 81, 82, 85, 95, 96, 99, 109, 110, 113, 123, 124, 127, 137, 138, and 141 of the Complaint disclose the existence of or substance of Communications which are subject to Section 5 of the Confidentiality Agreement.

63.     Paragraphs 70, 71, 72, 81, 82, 85, 95, 96, 99, 109, 110, 113, 123, 124, 127, 137, 138, and 141 of the Complaint use Communications which are subject to Section 5 of the Confidentiality Agreement.

64.     Koss's disclosure of or use of the parties' Communications in its Complaint, which are identified in Paragraphs 62 and 63 of Apple's Counterclaim, indicates that Koss intends to use these Communications in this litigation in an effort to prove the claims and allegations set forth in its Complaint.

65.     Koss has breached Section 5 of the Confidentiality Agreement through its filing of the Complaint.

66.     Koss has alleged in Paragraph 70 of its Complaint that: "On September 7, 2017 Koss informed Apple that it was infringing U.S. Patent No. 9,729,959, a parent of several of the Patents-in-Suit."

67.     Koss has alleged in Paragraph 71 of its Complaint that: "Over the following two and a half years, Koss and its representatives met with Apple a total of four times in Apple's California offices and in the course of those meetings, as well as several additional email exchanges, provided Apple with claim charts identifying how Apple infringed certain of Koss's patents, including each of the Patents-in-Suit."

68.     Koss has alleged in Paragraph 72 of its Complaint that: "Prior to the filing of the instant Complaint, Koss informed Apple of its belief that Apple was infringing each of the Patents-in-Suit."

69.     Koss has made the allegations in Paragraphs 70, 71, and 72 of its Complaint to support its claims that Apple is liable for willful or indirect infringement.

70.     Koss is using, and on information and belief intends to continue to use, the purported acts that are alleged in Paragraphs 70, 71, and 72 of its Complaint, in this litigation to support its claims that Apple is liable for willful or indirect infringement.

71.     Separate and apart from its filing of the Complaint, Koss has breached Section 5 of the Confidentiality Agreement by using Communications that were subject to the Confidentiality Agreement, including Communications that Koss explicitly or implicitly represented were made for the "Purpose" stated in the Confidentiality Agreement, such as for evaluating licenses or transactions, in an effort to prove its allegations of willful and indirect infringement against Apple.

72.     Koss's use of the Communications referenced above in this litigation, including such use after the filing of the Complaint, in an effort to prove its allegations of willful and indirect infringement against Apple are not permitted by Section 8 of the Confidentiality Agreement.

73.     Unless enjoined by this Court, there is a substantial risk that Koss will continue to violate the Confidentiality Agreement. For instance, Koss has filed numerous litigations against other defendants for allegedly infringing various patents, including the Patents-in-Suit and other related patents. Further, Koss continues to prosecute patent applications related directly to the Patents-in-Suit. Unless enjoined by this Court, there is a substantial likelihood that Koss will again violate the Confidentiality Agreement, for instance by using protected Communications to assert additional issued patents against Apple, or by using protected Communications in the course of

prosecuting patents related to the Patents-in-Suit, in an effort to obtain additional patents that can be asserted against Apple.

74.     Unless Koss is enjoined by this Court, Apple will suffer irreparable harm. For instance, Apple will be forced to divert resources to defend against legal claims that Koss is contractually barred from asserting. Apple also will suffer harm by being the subject of false and legally impermissible allegations that it willfully and indirectly infringed Koss's patents. These damages cannot be fully quantified or reduced to a dollar value or similar measure and are not compensable through money damages alone.

## JURY DEMAND

Apple demands trial by jury of all issues triable of right by a jury.

## REQUEST FOR RELIEF

WHEREFORE, Apple prays for the following judgment and relief against Koss on the Complaint and Apple's Counterclaim:

1.     Judgment against Koss and in favor of Apple on Counts 1–5 of Koss's Complaint;

2.     Judgment for Apple and against Koss on Apple's Counterclaim;

3.     A permanent injunction preventing Koss from using the substance or existence of any Communications subject to Section 5 of the Confidentiality Agreement in any litigation, patent office proceeding, or any other court or administrative proceeding, for any purpose;

4.     An award to Apple of its costs of suit incurred herein; and

5.     Such other relief, in law or equity, as this Court deems just and proper.


Date: May 11, 2021                                   Respectfully submitted,

                                                      By:   */s/ Michael T. Pieja*
                                                      Michael T. Pieja (*pro hac vice*)

Alan E. Littmann (*pro hac vice*)
Doug Winnard (*pro hac vice*)
Samuel E. Schoenburg (*pro hac vice*)
Whitney Woodward (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
sschoenburg@goldmanismail.com
wwoodward@goldmanismail.com

Stephen E. McConnico
State Bar No. 13450300
Steven J. Wingard
State Bar No. 00788694
Stephen L. Burbank
State Bar No. 24109672
SCOTT DOUGLASS & MCCONNICO
Colorado Tower
303 Colorado St., Ste. 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
smcconnico@scottdoug.com
swingard@scottdoug.com
sburbank@scottdoug.com

*Counsel for Defendant/Counterclaimant Apple Inc.*

## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT AND COUNTERCLAIMANT APPLE INC.'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF AND COUNTER-DEFENDANT KOSS CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT** has been served on May 11, 2021, to all counsel of record who are deemed to have consented to electronic service.

 /s/ *Michael T. Pieja*
Michael T. Pieja