**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| KOSS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No. 6:20-cv-00665-ADA |

**KOSS CORPORATION'S BRIEF FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37 AS A RESULT OF APPLE INC.'S ADMITTED VIOLATION OF FEDERAL RULE OF CIVIL PROCEDURE 26**

Defendant Apple Inc.'s ("Apple") first act in fact discovery in this case was to affirmatively conceal its plain knowledge of how to contact Mr. Michael Pelland. Discovery opened on April 23, 2021; on that day, both Plaintiff Koss Corporation ("Koss") and Apple served their Initial Disclosures under Fed. R. Civ. P. 26(a)(1). Each party listed Mr. Pelland as possessing potentially relevant information. Neither party included Mr. Pelland's contact information. Koss' disclosure was truthful, but unbeknownst to Koss at the time, Apple's was not. Apple has yet to supplement its Rule 26 disclosures with information it admitted was in its possession at least two months ago.

Apple failed to disclose the manner in which it not only *could* contact but *did in fact* contact Mr. Pelland. In so doing, it prevented Koss from learning of substantial ongoing harm to Koss: Mr. Pelland has been working on behalf of another defendant (Bose Corporation ("Bose")) to challenge the validity of patents on which he was a named inventor, using his own prior art.[1]

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose, without waiting for a discovery request, the name and, if known, the address and telephone number of each individual likely to have discoverable information. Rule 26(e) requires a party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

A party is "not allowed to use ... information or [a] witness to supply evidence on a motion, at a hearing, or at a trial where that party 'fails to provide information or identify a witness [in its initial disclosures] as required by Rule 26(a) or (e).'" *Bitterroot Holdings, L.L.C. v. MTGLQ*

---

[1] Mr. Pelland testified he spent over 200 hours of paid time working for Bose. Koss has reason to believe that Mr. Pelland's consulting work assisted Bose in using a published international patent application naming Mr. Pelland as the lead inventor in Bose's *inter partes* review Petitions (which Apple has requested leave to join); plainly Mr. Pelland's consulting played a role in these Petitions.

1

*Inv'rs, L.P.*, 648 F. App'x 414, 419 (5th Cir. 2016). However, the non-disclosing party is permitted to use the information when "the failure was substantially justified or is harmless." *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013). A party facing sanctions under Rule 37(c) has the burden of demonstrating that a violation of Rule 26 was substantially justified or is harmless. *Maguregui v. ADP, LLC*, 2017 WL 5473484, at *2 (W.D. Tex. Apr. 10, 2017). "When evaluating whether a violation of Rule 26 is harmless, the Court looks to four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Flores v. AT&T Corp.*, 2019 WL 2746774, at *3 (W.D. Tex. Mar. 27, 2019).

## II.   ARGUMENT

### A.   Apple Admits It Did Not Comply With Fed. R. Civ. P. 26

Whether Apple violated Rule 26 is not in dispute. Apple's counsel admitted, to this Court, that despite *knowing* Mr. Pelland's Bose affiliation and contact information, he flatly failed to provide Koss with the requisite notice under Rule 26.[2] Hr'g Tr. at 34:12–17. Even more egregious is the fact that almost a year before the admitted violation, Apple ***made contact*** during an hour-long telephone conversation with Mr. Pelland. *Id.* at 19:10–11. Despite having been a part of an hour-long telephone conversation (which presumably included a meeting invitation/email address for Mr. Pelland), Apple's disclosures are silent about Mr. Pelland's contact information.

### B.   Apple's Unjustified Failure to Include Mr. Pelland's Contact Information

Apple's only argument as to why it did not include Mr. Pelland's contact information after its December 2020 hour-long meeting is that it intentionally didn't ask Mr. Pelland for his phone

---

[2] Apple's counsel *withheld* (and continues to withhold) the exact date on which it became aware of Mr. Pelland's address despite repeated requests, orally and in writing, until the day of the hearing. Apple's counsel's submission pursuant to the Court's OGP is thus *knowingly false*.

number, email address, or physical address; somehow, Apple concludes this means it did not have to disclose what it *actually knew* about how to contact Mr. Pelland in its initial disclosures. Hr'g Tr. at 20:5–9. As noted during the hearing, this position lacks merit and shows the gamesmanship in which Apple is engaging in general, and with respect to Mr. Pelland in particular. Hr'g Tr. at 41:1–9 (Apple disclosing outside counsel contact information for third-party witnesses beneficial to Apple's case).

### C.   Apple's Failure to Disclose is Not Harmless

Apple's failure to comply with Rule 26 is far from harmless because (1) the explanation for the failure to identify the witness is inadequate (as noted above); (2) the importance of the testimony factor is indisputably in Koss' favor; (3) Koss is severely prejudiced if testimony is allowed; and (4) a continuance will not cure such prejudice; instead, it results in *more* prejudice.

#### 1.   The Testimony (or Lack Thereof) of Mr. Pelland is Important

In this unique situation, the *importance* of the at-issue testimony lies in the work Mr. Pelland did (and the conversations that Bose used to pollute his brain) during Apple's period of intentional withholding. Mr. Pelland consulted with Bose for more than 200 hours between the time Apple learned how to contact him and the time Apple finally put Koss on notice of his contact information. This testimony about the ways in which Mr. Pelland's recollection was refreshed would not have gone the way it did but for that consulting; the importance of the testimony therefore lies in the changed nature it has from what it would have been had Koss known Mr. Pelland was working with Bose in December 2020. Had Apple made Koss aware that Bose hired Mr. Pelland as a consultant when discovery opened, Koss certainly would have subpoenaed Mr. Pelland, and likely would have taken the steps it is now taking in other Courts to redress Mr. Pelland's blatant and willful violation of his various agreements with Koss.

#### 2.   The Prejudice Is Severe and a Continuance Will Not Cure It

3

As noted above, the prejudice here lies in the fact that Mr. Pelland cannot unlearn what he learned spending more than 200 hours consulting with Bose, a party that stands to lose millions due to its ongoing, willful infringement of Koss' patents. Nor can Apple unlearn what it knows by way of communications with Bose's counsel in this regard. Everything Mr. Pelland does or says related to this case in the future will be against the backdrop of conversations he had with counsel for a party trying to invalidate patents on which Mr. Pelland is a named inventor. Because that harm cannot be undone, no continuance will rectify that harm. The only remedy that will redress Apple's discovery violation (and the attendant prevention of Koss from adequately enforcing its contractual rights) is to prohibit Apple from relying on this ill-developed testimony.

Continuance as a remedy will only exacerbate prejudice to Koss. This Court has already continued at least some of the case deadlines due to Apple's discovery misconduct (specifically, usurping this Court's role as evidentiary gatekeeper and prejudging issues in the case). (Dkt. Nos. 108, 116, 117). Further continuance will permit Mr. Pelland's 200 hours of consulting to grow.

### D. Granting Koss' Request Does Not Create a Dangerous Standard

The Court inquired whether Koss' requested remedy risks an unworkable standard in this District. Hr'g Tr. at 46:18–19; 47:5–8. It does not. Ruling in Koss' favor will do just the opposite; it will encourage counsel in the future to be forthright and comply with their discovery obligations, as the Rules contemplate. Ruling in Koss' favor will dissuade the disingenuous joint defense "strawman" situation that Apple and Bose purposefully constructed to give Apple the opportunity to claim ignorance when another defendant's counsel retains a fact witness for "consulting purposes" and facilitates discussions between the witness and defendant's counsel.

Other courts have ruled, consistent with Koss' request, that withholding contact information of a relevant witness is a violation of Rule 26 warranting the very relief Koss seeks: exclusion of the hidden discovery. *Lewter v. United States*, 2012 WL 13034849 at *8–9 (S.D.C.A.

4

2012) (quoting *Dayton Valley Investors, LLC v. Union Pac. R.R.*, 2010 WL 3829219, at *3 (D. Nev. 2010) (withholding witness contact information until near close of discovery is untimely and warrants Rule 37 sanctions); *United States v. Hopkins*, 2012 WL 7829995, at *5 (D.N.M. Dec. 28, 2012), R&R adopted, 2013 WL 684650 (D.N.M. Feb. 11, 2013) (failure to provide contact information for individuals known to have discoverable information in initial disclosures not substantially justified); *Covad Commc'ns Co. v. Revonet, Inc.*, 267 F.R.D. 14, 22 (D.D.C. 2010) (same).

Apple violated the Federal Rules of Civil Procedure and Koss deserves a proper remedy. *Pers. Audio, LLC v. Apple, Inc.*, No. 9:09CV111, 2011 WL 6148587, at *2 (E.D. Tex. June 16, 2011) (citing *B.F. Goodrich Tire Co. v. Lyster*, 328 F.2d 411, 415 (5th Cir. 1964) ("Rule 37 'establish[es] a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties.'")). A narrowly tailored order can appropriately sanction Apple and incentivize attorneys practicing before this Court to be forthright in Rule 26 disclosures. *Id.* (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64 (1980).

## III.   CONCLUSION

This Court should preclude Apple from relying on Mr. Pelland's ill-gotten testimony and impose monetary sanctions regarding the same. Koss simply asks this Court to ensure that a party may not deceive the Court by making contact with a potential witness *before discovery even starts* while not having to disclose the known contact information that facilitates the conversation, because the witness conveniently did not blurt out his telephone number and address. Denying Koss' requested relief will have the effect of blessing a strategy where outside counsel for another interested party retains a witness as a consultant, facilitates a conversation under the cloak of common-interest privilege, and permits the party to the conversation to hide contact information even though that party has announced in its initial disclosures that this person is a witness it expects to call at trial. Such an absurd result cannot stand.

Dated: December 10, 2021                    Respectfully submitted,

   */s/ Darlene F. Ghavimi*
Darlene F. Ghavimi
TX Bar No. 24072114
**K&L GATES LLP**
2801 Via Fortuna, Suite #350
Austin, TX 78746
Tel.: (512) 482-6919
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

Benjamin E. Weed (admitted *pro hac vice*)
Philip A. Kunz (admitted *pro hac vice*)
Erik J. Halverson (admitted *pro hac vice*)
Gina A. Johnson (admitted *pro hac vice*)
Melissa M. Haulcomb (admitted *pro hac vice*)
Amanda C. Maxfield (admitted *pro hac vice*)
**K&L GATES LLP**
Suite 3300
70 W. Madison Street
Chicago, IL 60602
Tel.: (312) 372-1121
Fax: (312) 827-8000
benjamin.weed@klgates.com
philip.kunz@klgates.com
erik.halverson@klgates.com
gina.johnson@klgates.com
melissa.haulcomb@klgates.com
amanda.maxfield@klgates.com

Peter E. Soskin (admitted *pro hac vice*)
**K&L GATES LLP**
Suite 1200
4 Embarcadero Center
San Francisco, CA 94111
Tel.: (415) 882-8046
Fax: (415) 882-8220
peter.soskin@klgates.com

***ATTORNEYS FOR KOSS CORPORATION***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 10, 2021, a true and correct copy of this document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system.

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi
