# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| KOSS CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No.     6:20-cv-00665-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**PUBLIC VERSION** |

## DEFENDANT APPLE INC.'S OPPOSED MOTION FOR LEAVE TO SUPPLEMENT ITS FINAL INVALIDITY CONTENTIONS WITH KOSS PRIOR ART AND INVENTOR TESTIOMONY

Defendant Apple Inc. ("Apple") respectfully moves for leave to make two amendments to its invalidity contentions based on information it learned from recent inventor depositions and document productions. First, Apple seeks to add a single product—a prior-art Bluetooth wireless headphone sold by Plaintiff Koss Corporation ("Koss") named the Cobalt—to its invalidity charts. Second, Apple seeks to add citations to inventor testimony to its already-disclosed theory that the Patents-in-Suit "do not enable the full scope that Koss has asserted" in its infringement contentions. (E.g., Ex. A, 1/15/21 Apple Prelim. Invalidity Contentions Cover at 32–33.)

Good cause supports granting Apple's motion as to both references. Apple's proposed supplements are based on deposition testimony that was not previously available to Apple, including when it served its final invalidity contentions. Because Apple's supplements concern Koss' own products and its own inventors' work for the company, Koss cannot claim unfair surprise or prejudice. Further, because fact discovery is open, the amendments do not necessitate a continuance in this case. The Court therefore should grant Apple's motion.

## I. FACTUAL BACKGROUND

On November 6, 2020, Koss served preliminary infringement contentions, accusing eight different Apple products of infringing 175 claims of the Patents-in-Suit (U.S. Patent Nos. 10.206,025 ("the '025 Patent"); 10,298,421 ("the '451 Patent"); 10,469,934 ("the '934 Patent"); 10,491,982 ("the '982 Patent"); 10,506,325 ("the '325 Patent")). (Ex. B, 11/6/20 Koss Prelim. Infringement Contentions Cover at 2–3.) In particular, Koss contended that several of its patents covered pairs of wireless earbuds that received stereo audio over Bluetooth. (E.g., Exs. C & D, 11/6/20 Koss Prelim. Infringement Contentions, Exs. D-1, E-1.) Apple, in turn, served preliminary invalidity contentions that included 37 detailed charts based on 28 different references. (*See generally* Ex. A, citing Exs. A1–A10, B1–B6, C1–C4, D1–D9, E1–E8 and references in support.) Apple also asserted invalidity based on a lack of enablement because "the specifications of the [asserted] Patents do not enable the full scope that Koss has asserted those claims to have in its Infringement Contentions." (*Id.* at 33.)

On the day fact discovery opened, Apple served requests for documents relating to prior art that Koss knew of. (E.g., Ex. E, 4/23/21 Apple First Requests for Production No. 15 at 12.) Koss stated it would produce responsive documents. But, at the time Apple served its Final Invalidity Contentions on August 13, 2021, Koss had not produced any manuals, specifications, diagrams, or other documents describing the functionality of the Cobalt. (Declaration of Michael Pieja ("Pieja Decl.") ¶ 4.)

On September 15, 2021—a month after the final contentions deadline—Koss produced a copy of its website homepage from August 20, 2006. (Ex. F, KOSS_024201.) The website contained a graphic depicting the Cobalt and announcing its availability but did not describe its components or capabilities. (*Id.*) The next day, Koss also produced minutes from its January 30, 2008, Board of Directors meeting. (Ex. G, KOSS_027349.) The minutes discussed Koss'

2

development work on a project that later became known as Striva. (*See id.* at KOSS_027351–55.) It was this development project that Koss alleges gave rise to the Patents-in-Suit. (*See* Ex. H, 5/27/21 Koss Resp. to Apple Am. Interrogatory No. 4 at 11–12; 7/22/20 Compl., Dkt. No. 1 at ¶¶ 42, 57–58.) At the Board meeting, Koss' CEO and lead inventor, Michael Koss, Sr., told the Board that Bluetooth could not be used to transmit stereo audio to two wireless earbuds and instead required "a wire between each ear." (Ex. G at KOSS_027353.)

In response to these productions, Apple served targeted document requests for documents showing the functions, operations, and design of the Cobalt, and for additional Board of Director minutes discussing Striva or the inventors' work, and Koss' knowledge of Bluetooth standards. (Ex. I, 10/5/21 Apple Third Requests for Production[1]). Soon thereafter, Apple noticed the depositions of Koss' named inventors. (Exs. J–P, Apple Dep. Subpoenas to Jeffery Bovee, Gregory Hallingstad, Joel Haynie, Morgan Lowery, Michael Pelland, Steven Reckamp, and Michael Sagan.) Apple deposed each inventor, with the last deposition occurring on December 10, 2021. As explained in more detail below, Apple's motion for leave is based on this recently-obtained documentary evidence and inventor testimony, all of which Apple obtained after the final contentions deadline.

## II.     LEGAL STANDARD

A party may amend its final invalidity contentions if good cause exists and with leave of Court. *See* Fed. R. Civ. P. 16(b)(4); (Ex. Q, 3/23/20 Order, *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA (W.D. Tex. 2020), Dkt. No. 146 at 1). When determining whether good cause exists, the court considers four factors: (1) the movant's explanation for seeking amendment after

---

[1] Specifically, Apple served three document requests that expressly referred to the Cobalt (Nos. 41, 45, and 46); two requests concerning Board of Director minutes (Nos. 42 and 43); and four requests concerning Koss' knowledge and consideration of Bluetooth technology during its Striva development work (Nos. 44, 47, 48, and 49).

3

any applicable deadline; (2) the importance of the proposed amendment; (3) the potential prejudice to the non-movant if the amendment is permitted; and (4) the availability of a continuance to cure the prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). The absence of prejudice, by itself, can support granting leave. E.g., *In re Papst Licensing GMBH & Co. KG Patent Litig.*, 279 F. Supp. 3d 28, 37 (D.D.C. 2017); *see also Kinetic Concepts, Inc. v. BlueSky Med. Corp.*, No. SA-08-CV-102-RF, 2009 WL 10664413, at *2–3 (W.D. Texas Dec. 21, 2009).

**III. ARGUMENT**

All four "good cause" factors weigh in favor of granting Apple leave to amend. Apple's proposed supplements relate to (1) the "Cobalt" Bluetooth product that Koss itself developed and sold, and (2) the testimony of Koss' inventors about the state of Bluetooth technology at the time they filed their patents. These supplements derive from discovery Apple diligently pursued, but which it obtained only after the final contentions deadline. Further, Koss will suffer no prejudice from Apple's amendment because Koss has long had access to information about its own prior art products and its own inventors' work, and because fact discovery remains open and expert discovery has not even begun. Thus, Apple's motion for leave to amend should be granted.[2]

**A.  The Court Should Grant Apple Leave to Amend to Add The Cobalt Product**

There is good cause to grant Apple's motion for leave to supplement its invalidity contentions with Koss' Cobalt product. ***First***, Apple only recently obtained evidence about the functionality of the Cobalt, despite diligent prior efforts to identify prior art. Apple's extensive efforts to search for prior art prior to serving its final contentions included:

- A review of the prior art cited in the Patents-in-Suit.

---

[2] Apple's proposed amendments to its Final Invalidity Contentions cover pleading are shown in redline in Exhibit R.

4

- Searches of public databases of United States and foreign patents for potential prior art.

- Searches of non-patent literature such as industry publications and archived websites from the mid- and late-2000s.

- Retention of three search firms to locate United States, Japanese, Korean, and European patent, publications, and system art.

- Service, on the first day of fact discovery, of requests for production on Koss for prior art of which Koss had knowledge.

- Service of subpoenas on 11 third parties for information pertaining to those parties' prior art products.

(Pieja Decl. ¶ 3.) None of these efforts yielded information about the functionality of the Cobalt. A failure to obtain information about prior art references despite rigorous searches shows the movant's diligence and thus favors granting leave. *Cf. Network Protection Scis., LLC v. Fortinet, Inc.*, No. C 12-01106 WHA, 2013 WL 1949051, at *2 (N.D. Cal. May 9, 2013).

It was not until after Apple served its final invalidity contentions that it was finally able to get technical information about the Cobalt prior art. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

After receiving this new information, Apple diligently evaluated it and prepared its supplemental contention in less than three months. Courts repeatedly have found movants diligent when seeking leave to amend in comparable lengths of time. E.g., *Vasudevan Software, Inc. v.*

5

*Int'l Bus. Machs. Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263, at *3–4 (N.D. Cal. Feb. 18, 2011) (four months); *Radware Ltd. v. F5 Networks, Inc.*, No. C-13-2024 RMW, 2014 WL 3728482, at *2 (N.D. Cal. Jan. 1, 2014) (three months); *Nuance Commc'ns, Inc. v. ABBYY Software House*, No. C 08-02912 JSW (MEJ), 2012 WL 2427160, at *2 (N.D. Cal. June 26, 2012) ("[a] few months").

***Second***, the Cobalt is important to Apple's invalidity defense. It is axiomatic that "[p]rior art references potentially rendering a patent invalid are important." *Uniloc 2017 LLC v. Google LLC*, No. 2:18-cv-00493-JRG-RSP, 2019 WL 6465318, at *2 (E.D. Tex. Dec. 2, 2019). Here, as shown in Apple's proposed supplemental charts, the Cobalt anticipates many of the asserted claims of the '025 and '934 Patents under Koss' apparent reading. (*See* Exs. U, V.) The Cobalt is especially important prior art because testimony on its capabilities comes from two of Koss' own inventors. These witnesses have unique, first-hand knowledge as to the relationship between the functionalities in the prior art and the claim elements in their own patents, as Koss interprets them.

***Third***, the addition of the Cobalt will not prejudice Koss. Apple seeks to amend its contentions before the fact discovery deadline and prior to the start of expert discovery. Courts routinely conclude there is no prejudice from amendments made at this stage. E.g., *Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2020 WL 2800723, at *2 (W.D. Wash. May 29, 2020); *In re Papst Licensing*, 279 F. Supp. 3d at 36–37. Koss will have a complete and fair opportunity to respond to Apple's supplemental contentions in fact and expert discovery, the latter of which has not yet begun. Moreover, Koss had "plenty of time" to investigate the Cobalt because Koss developed and sold it. *See GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00237-JRG-RSP, 2020 WL 5747843, at *2 (E.D. Tex. Sep. 24, 2020) (finding no prejudice in supplemental invalidity contention concerning system art that plaintiff "has accused of infringement in this case"). Indeed,

Koss itself referred to invalidity arguments based on the Cobalt in prior filings in this case. (*See* 12/15/21 Apple Opp'n to Koss Br. for Sanctions at Ex. F, Dkt. No. 124-3.) It cannot claim to be surprised, or not to have recognized the Cobalt's relevance.

*Finally*, the lack of a need for a continuance further weighs in favor of Apple's motion. Koss already has access to at least as much information about this prior art reference as Apple because it is Koss' own product, about which its own inventors testified. (Ex. S at 56:6–8 (stating that Koss developed the Cobalt headset in-house).) Further, because fact discovery is still open and expert discovery has not begun, Koss still has time to respond to Apple's proposed contentions.

### B. The Court Should Grant Apple Leave to Supplement Its Enablement Theory

Similarly, there is good cause for Apple's supplement of its previously-disclosed enablement theory with citations to new evidence.

*First*, Apple merely seeks to supplement its previously-articulated theory with new evidence. (Ex. R.) Koss' infringement contentions asserted its patents against several Apple wireless Bluetooth earphones. (Ex. B.) In its invalidity contentions, Apple disclosed its belief that Koss' patents did not enable the scope of the claims as Koss was applying them. (Ex. A at 32–35.) Apple's disclosure of its enablement theory was voluntary; this Court's Order Governing Proceedings does not require such theories be disclosed. (*See* 11/30/20 Scheduling Order, Dkt. No. 30; 11/17/21 Standing Order Governing Proceedings – Patent Cases Version 3.5.1 at 1, ¶ 4 (governing during time of operative scheduling order in this case).)

Apple now seeks only to supplement that theory with testimony it obtained after it served its final contentions. In particular, the named inventors of Koss' patents repeatedly testified in deposition that ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

7

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████ This evidence shows that the Patents-in-Suit could not have enabled the claims, as Koss is reading them, because the claims' supposed inventors did not believe it was possible to make stereo wireless Bluetooth earphones. Because this evidence was not available to Apple prior to the deadline for its final invalidity contentions, and because Apple diligently reviewed this newly-acquired evidence, this factor weighs in favor of Apple's motion for leave to supplement its previously-disclosed enablement theory.

***Second***, the importance of this new invalidity evidence supports granting Apple leave. *See Uniloc 2017*, 2019 WL 6465318, at *2 (confirming the importance of invalidity references). In addition to supporting Apple's theory that four of Koss' asserted patents are invalid for lack of enablement, the new evidence exposes a contradiction between Koss' invalidity and infringement theories. Koss has asserted that the scope of its asserted claims includes Apple's physically separate, Bluetooth wireless earphones, such as the AirPods. ███████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

█████████████████████████ The direct contradiction between these two positions, as well as the potential for this evidence to invalidate claims of four patents, confirms the importance of this new evidence.

*Third*, Koss will suffer no prejudice from Apple's amendment. As an initial matter, Apple disclosed in its preliminary invalidity contentions that it believed that the claims in issue were not enabled under Koss' interpretation. (Ex. A at 32–35.) Further, Apple also previously disclosed the specific theory on which this defense rested. On November 4, 2021—after Apple had deposed some of the inventors—Apple supplemented its response to Koss' Interrogatory No. 2 to add that

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██ Koss has thus been aware of Apple's argument on this point, for months. Koss also cannot credibly claim prejudice from the addition of deposition testimony of its own inventors, whom its own counsel represented, and whose knowledge has been available to Koss throughout this case.

*Finally*, allowing Apple's amendment would not require a continuance. Koss already has access to at least as much information about the work and beliefs of its inventors as Apple had, and Apple already informed Koss in written discovery that it believes Koss' inventors' testimony supports Apple's enablement defense. Furthermore, Koss will have the opportunity to address Apple's enablement arguments and evidence during the remainder of fact discovery and during expert discovery, which has yet to begin.

## IV. CONCLUSION

Apple respectfully requests that the Court grant Apple's Motion for Leave to Amend its Invalidity Contentions.

9

Date: February 7, 2022                    Respectfully submitted,

By:  */s/ Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)
Alan E. Littmann (*pro hac vice*)
Doug Winnard (*pro hac vice*)
Samuel E. Schoenburg (*pro hac vice*)
Whitney Woodward (*pro hac vice*)
Jennifer M. Hartjes (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
　BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606
Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
sschoenburg@goldmanismail.com
wwoodward@goldmanismail.com
jhartjes@goldmansimail.com

Stephen E. McConnico
State Bar No. 13450300
Steven J. Wingard
State Bar No. 00788694
Stephen L. Burbank
State Bar No. 24109672
SCOTT DOUGLASS & MCCONNICO
Colorado Tower
303 Colorado St., Ste. 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
smcconnico@scottdoug.com
swingard@scottdoug.com
sburbank@scottdoug.com

*Counsel for Defendant/Counterclaimant Apple Inc.*

## CERTIFICATE OF CONFERENCE

I certify that on February 3, 2022, counsel for Defendant Apple Inc., Whitney Woodward, conferred with counsel for Plaintiff Koss Corporation, Gina Johnson, by e-mail regarding the foregoing Motion for Leave. Plaintiff's counsel confirmed via e-mail on February 4, 2022, that Koss opposes Apple's Motion for Leave.

Date:  February 7, 2022                             */s/ Michael T. Pieja*
                                                                Michael T. Pieja


## PROOF OF SERVICE

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S OPPOSED MOTION FOR LEAVE TO SUPPLEMENT ITS FINAL INVALIDITY CONTENTIONS WITH KOSS PRIOR ART AND INVENTOR TESTIOMONY** has been served on February 7, 2022, to all counsel of record who are deemed to have consented to electronic service.

                                                                 */s/ Michael T. Pieja*
                                                                Michael T. Pieja