# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| KOSS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No.     6:20-cv-00665-ADA<br><br>**JURY TRIAL DEMANDED** |

## PROTECTIVE ORDER BETWEEN NON-PARTY GOOGLE LLC AND DEFENDANT APPLE INC.

WHEREAS, the Court entered a Protective Order to protect Party confidential business information in the above-referenced action on April 15, 2021 (Dkt. 70) ("Protective Order"); and

WHEREAS Non-Party Google LLC ("Google") may produce confidential documents and information in this action that include trade secrets, confidential business information, or other proprietary information belonging to Google ("Google Confidential Information");

WHEREAS Defendant Apple Inc. ("Apple") and Google seek certain additional protections governing the disclosure of such Google Confidential Information;

WHEREAS Apple and Google have agreed to certain provisions in addition to or in place of those contained in the Protective Order to protect against misuse or disclosure of such Google Confidential Information;

WHEREAS Plaintiff Koss Corporation ("Koss") has confirmed that all Google Confidential Information received by any person on behalf of Koss will be treated according to the applicable provisions of the Protective Order, and that the provisions of Paragraph 6(b) of the Protective Order applies to any person on behalf of Koss who receives Google Confidential Information as if such

information was produced in the above-captioned case "by Defendant" in that Paragraph.

THEREFORE, it is hereby stipulated among Apple and Google and ORDERED that:

1. The terms of the Protective Order will apply to the production of Google Confidential Information except to the extent specifically provided herein.

2. Google may designate as confidential for protection under this Supplemental Protective Order or the Protective Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of Google or a Third Party to whom Google reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Google Protected Material"). Google Protected Material may be designated as provided in the Protective Order.

3. Google Protected Material shall be treated as "Protected Material" under the Protective Order subject to any applicable additional requirements herein. To the extent that there is any confusion or conflict between protective orders with respect to Google Protected Material, then this Supplemental Protective Order governs.

4. Google Protected Material, and the knowledge of the existence of such Google Protected Material, shall not be disclosed to any person who is not entitled to receive such Google Protected Material as provided in this Supplemental Protective Order and the Protective Order. All produced Google Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Google Protected Material, and any person or entity who obtains access to Google Protected Material or the contents thereof pursuant to this Supplemental Protective Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such Google Protected Material or any

       portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified Google Protected Material and subject to all of the terms and conditions of the Protective Order and this Supplemental Protective Order.

5. With respect to Paragraph 6(b) of the Protective Order, and limited to Google Protected Material, absent the written consent of the Producing Party, any person on behalf of the Receiving Party who receives one or more items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by Google shall not be involved, directly or indirectly, in any of the following activities: (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to (a) exchanging network credential information from a first device to a second device to allow the second device to access a wireless network using the exchanged credential information; or (b) headphones or earphones that connect wirelessly to another device or server, before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, relating to (a) exchanging network credential information from a first device to a second device to allow the second device to access a wireless network using the exchanged credential information; or (b) or earphones that connect wirelessly to another device or server. These prohibitions are not intended to and shall not preclude counsel from participating in post-grant proceedings that may involve the validity of any patent,

      but are intended, inter alia, to preclude counsel from participating in, consulting on, or advising on, directly or indirectly, preparing, drafting, editing, and/or amending claims during post-grant proceedings (e.g., reexamination, inter partes review, covered business method review, or reissue proceedings) on behalf of a patentee. These prohibitions shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals.  Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

6. This Supplemental Protective Order shall be binding upon Google and Apple hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

Signed this  22nd day of February, 2022

                                                      ALAN D. ALBRIGHT
                                                      UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

I, _____, acknowledge and declare that I have received copies of the Protective Order ("Order") and the Supplemental Protective Order for Non-Party Google Protected Material ("Supplemental Protective Order) in *Koss Corporation v. Apple Inc.*, United States District Court, Western District of Texas, Waco Division, Civil Action No. 6:20-cv-00665-ADA.  Having read and understood the terms of the Order and Supplemental Protective Order, I agree to be bound by the terms of the Order and Supplemental Protective Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order and Supplemental Protective Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]