IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KOSS CORPORATION,<br>  *Plaintiff,*<br><br>v.<br><br>APPLE INC.,<br>  *Defendant.* | § § § § § § § § § § | Civil Action 6:20-cv-00665-ADA |

## DISCOVERY DISPUTE ORDER

The parties raised the following discovery dispute with the Court by email submission.

### Koss's Statement

Despite Koss' repeated and consistent requests for discovery about Apple's pre-suit knowledge of Koss, Apple has yet to provide a properly prepared witness on Apple's pre-suit knowledge of Koss, Koss patents, and communications with Koss per Koss' properly noticed deposition Topics 52 and 55.

On September 24, 2021, Koss served a corporate deposition seeking, inter alia, testimony related to: (1) Apple's first knowledge of Koss; and (2) Apple's pre-suit knowledge of Koss' patents. (Topic Nos. 52, 55 – Attached).[1]

Apple's single witness designated to testify on these topics, Jeffrey Lasker, admitted that the only preparation he did for those topics was to look at his team's (the "IP Transaction Team") correspondence. Lasker admittedly spoke to nobody outside of his legal department. He neglected to investigate things like Koss related freedom-to-operate analyses, headphone market research

---

[1] Not attached by the parties, but sufficiently summarized in Apple's statement.

into Koss, and any knowledge of Koss through developing Apple patent prosecution. (*See, e.g.*, U.S. Patent No. 10,200,587, citing Koss patents).

After the October deposition, Koss sent a letter explaining Lasker's lack of preparation and demanding a prepared witness. Apple refused to provide a prepared witness, but the parties agreed to defer the issue until the outcome of the concurrent arbitration. Upon receiving the Arbitration Award, Koss re-initiated discussions to request a prepared witness.

Apple now, months after the Lasker deposition, makes a post-hoc representation that it has since "conducted a reasonable investigation" on both Topics 52 and 55, including in the areas of "marketing and market research" and with those "who handle Apple's intellectual property." But even Apple's representation now is demonstrably false: Koss patents are unquestionably cited on the face of Apple's patents (and Koss has told Apple as much in interrogatory responses). Yet, Apple has apparently done no investigation into its knowledge of this fact. Mr. Lasker should have been prepared to talk about Apple's knowledge. He was not. And now Apple's representation that it has done further investigation still shows the inadequacy of its efforts.

Koss has never agreed that Apple's discovery was sufficient on Topics 52 and 55. Indeed, after receiving Apple's January 7, 2022 letter informing Koss that, months after fact discovery closed, Apple identified thousands of Koss products that Apple resold in the 2001–2004 timeframe. Koss reiterated its demand for a prepared corporate witness, noting that this extremely belated discovery confirms that Mr. Lasker was not prepared to testify as to Topic Nos. 52 and 55.

The requested testimony is probative, as it pertains to the facts and circumstances surrounding when Apple first became aware of Koss, the reasonableness of its position that it was unaware of Koss and its patents, and any subsequent knowledge of Koss' patents, prior to the filing of the litigation.

Given Apple's continued position that Koss may not rely on what it knows to be Apple's pre-suit mental state *at all*—including to show that Koss told Apple of certain prior art it seeks to add to the case too late in Koss' prosecution of this case—evidence of the kind outlined above is critical to ensure Apple is held accountable for its pre-suit mental state. Koss sought this discovery during the actual discovery period, and it is inexcusable that Apple still resists providing a prepared corporate witness.

**Apple Inc.'s Statement**

Koss' letter seeks discovery Apple already provided (and Koss agreed was satisfied) or that does not exist. Apple already provided full disclosure regarding its "first knowledge of Koss." And Apple has no additional information regarding "Apple's pre-suit knowledge of Koss' patents" to provide.

Topic 55. This Topic demands information about Apple's "first knowledge of Koss"—which, while irrelevant, Apple fully provided to Koss. Apple conducted a thorough investigation (including legal, financial, and marketing records) and determined that its first identifiable knowledge of Koss stemmed from its resale of a small number of Koss headphones 18–21 years ago. This information was irrelevant—whether Apple resold obsolete wired Koss headphones in 2001 says nothing about its "state of mind" with respect to Koss or its patents twenty years later, when the patents-in-suit issued. But Apple agreed to, and did, provide specific information Koss requested about these products, such as the model sold (irrelevant wired headphones), its distributor, and quarterly sales, in an effort to resolve this dispute. Apple has nothing else to provide on this irrelevant topic. Further, in exchange, for Apple's providing this information, Koss agreed not to demand a further deposition on issues relating to Apple's 2001-era resales of Koss products. Its counsel wrote that "the information you outline satisfies Koss' request for information

regarding Apple's sale or resale of Koss products." Koss has no basis for demanding a further deposition.

Topic 52. Apple conducted a reasonable investigation, before Mr. Lasker's deposition, into the witnesses likely to know of Apple's pre-suit "knowledge of any patent assigned to Koss:" those who conducted marketing and market research for, or designed and developed, the accused products, and who handle Apple's intellectual-property issues. The only mention of *any* Koss patents it found was, as Mr. Lasker testified, in the parties' pre-suit discussions, which Mr. Lasker led. Apple also listed its first knowledge of each patent-in-suit, from those discussions, in an interrogatory response.

Mr. Lasker could not, as Koss suggests, have prepared on "freedom to operate work" or "market research," because Apple found nothing about Koss' patents in either field to prepare him with. Koss had extensive opportunities to confirm this. Koss took almost 20 depositions of Apple employees—including 11 engineering, 5 marketing and market-research, and two financial depositions, plus Mr. Lasker's—and found no evidence beyond what Mr. Lasker testified to.

Mr. Lasker thus provided the information "known or reasonably available" to Apple on Topic 52. Fed. R. Civ. P. 30(b)(6). Koss' demand that Mr. Lasker talk to employees who *don't* have responsive information—or, perhaps, to everyone who worked on AirPods—to confirm their lack of information is unduly burdensome. Koss cites no authority requiring a Rule 30(b)(6) deponent to investigate sources unlikely to yield responsive information.

Finally, the patent Koss cites, which references an unrelated Koss *application*, is not evidence of knowledge of Koss' patents. Apple diligently investigated its patents for such evidence, and found none beyond what it has provided. Nor is Apple aware of *ever* citing a patent-in-suit in its own patents. Citations to other patents Koss has not asserted are simply irrelevant.

Koss is asking not for evidence that exists, but for evidence Koss wishes to exist. That is not how discovery works, and the Court should deny Koss' request.

**ORDER**

The Court hereby **ORDERS:** Koss' motion to compel additional testimony on Koss' Rule 30(b)(6) Topics 52 and 55 is denied.

Koss argues that Apple's 30(b)(6) deponent, Mr. Lasker, failed to properly prepare to testify about (1) Apple's first knowledge of Koss; and (2) Apple's pre-suit knowledge of Koss' patents. But Apple has made clear that its first knowledge of Koss was about 18-21 years ago, and its pre-suit knowledge comes from the parties' pre-suit discussions, which Mr. Lasker led.

Specifically, Koss argues that Mr. Lasker neglected to investigate Koss related freedom-to-operate analyses, headphone market research into Koss, and any knowledge of Koss through developing Apple patent prosecution. But Apple found nothing in these areas. The mere listing of Koss patents in Apple's patent prosecution work does not, without more, mean that Apple performed any type of analysis of Koss's patents to testify about.

SIGNED this 18th day of March, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE