IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KOSS CORPORATION,<br>*Plaintiff,* | § § § § § § § § § | |
| v. | | Case No. 6:20-cv-00665-ADA |
| APPLE INC.,<br>*Defendant.* | | |

**DISCOVERY DISPUTE ORDER**

The parties submitted the following discovery dispute to the Court via email.

**Apple's Statement**

Apple served a targeted Request for Production (No. 42) seeking Board of Director meeting minutes from the timeframe covering the "STRIVA" project that Koss claims reflects the inventors' work. Koss refuses to produce a handful of meeting minutes prepared by its CEO and named inventor, even though he testified those minutes described the inventors' work and were prepared only four to five times per year. Koss has also refused to produce documents about its licensing negotiations, even though it represented in response to Apple's Interrogatory No. 2 that it would produce them pursuant to Rule 33(d).

Issue #1: Board of Director Minutes

Apple's Request for Production 42 seeks board of directors meeting minutes generated during Koss' "STRIVA" project (approximately 2007–2014), the project that Koss contends forms the basis of the Patents-in-Suit. Koss produced one set of minutes (dated January 2008), which include lengthy statements by its CEO and named inventor, Michael Koss, Sr., about the inventors' work on "STRIVA" and related technologies. (KOSS_027349.) Mr. Koss testified that the unproduced minutes also "likely" discussed the STRIVA project. (Koss Sr. Dep. 205:2–5.)

Koss' refusal to produce any additional minutes on burden and proportionality grounds is unfounded. Mr. Koss testified that Koss generated only 4–5 Board minutes a year and maintained them in both printed and electronic formats. (Koss Sr. Dep. 202:16–204:3.) Apple's request thus targets a discrete set of 30–40 readily-identifiable documents that discuss the inventors' work (a fact Koss does not dispute). Koss's privilege claim is wrong. Mr. Koss testified that he prepared all minutes between 2007 and 2013. (Koss Sr. Dep. 202:23-203:2.) Regardless, minutes for a business meeting do not become privileged just because a lawyer wrote them. Koss does not even assert privilege over pre-2010 minutes and can redact any privileged material. Nor is Koss' speculation about third-party confidentiality a valid objection given the protective order in place. This narrow set of documents is responsive to RFP 42, is relevant and proportional, and should be produced.

Issue #2: Information Regarding Licensees to Patents-in-Suit

Apple's Interrogatory 2 requested Koss to "[d]escribe, in detail, any attempts to license or transfer any rights in or to any of the Patents-in-Suit, whether successful of not," including the terms of any licensing proposals. Koss did not dispute that this information is relevant to damages. Rather than provide a narrative response, Koss committed to "produce documents regarding [its] negotiations pursuant to Rule 33(d)" with respect to several entities, including Bose, JLab Audio, Plantronics, and Skullcandy. Koss did not produce or identify any responsive documents in its response.

Over four months later, Koss produced only two arguably responsive documents, i.e., Koss' non-disclosure agreements with Bose and JLab. (KOSS_105135; KOSS_116631). These documents do not "[d]escribe, in detail, any attempts to license or transfer any rights" in Koss' patents, as Koss' Rule 33(d) response promised.

Koss now admits that responsive documents exist but refuses to produce them on the grounds that they are emails and Apple did not propound email requests per the OGP. This objection is baseless. Koss, knowing both the OGP's terms and the form of its licensing-related documents, chose to invoke Rule 33(d) and to commit to producing documents instead of providing a narrative. Having done so, Koss waived any objection to producing them. Nor can Koss use "third-party confidentiality" to withhold discovery about communications Koss sent about its own licensing offers or infringement claims. Similarly, Koss improperly cites FRE 408, which governs admissibility, not discoverability. Koss should be compelled to produce all documents describing its licensing efforts, or else provide a full narrative response to Interrogatory 2.

**Relief Requested:** Apple respectfully requests that the Court compel Koss to produce: (1) Board of Director Meeting minutes during the timeframe of Koss' "STRIVA" project as sought by Apple's RFP No. 42; and (2) documents sufficient to respond to Apple's Interrogatory No. 2, as Koss represented it would produce.

## Koss's Statement

Issue #1: Board of Director Minutes

The actual text of Request No. 42 shows that Apple seeks "***[a]ll minutes from or notes of*** every Board of Director meeting, including all regular and special meetings, between Your claimed conception date of January 1, 2007, and the date You chose to discontinue the Striva project." Koss responded to Request No. 42 on ***November 4, 2021***, at the close of fact discovery, by objecting on several grounds, but stating Koss is willing to "meet and confer as to the appropriate scope of this Request, if any."  Apple never requested a meet and confer or followed up on Koss's objections until ***January 21, 2022.***

Apple asked Mr. Koss during his deposition who prepared the meeting minutes in the exhibit before him in 2008. Apple did not ask whether that was true of all Board Meeting minutes thereafter. In fact, while Mr. Koss drafted meeting minutes from 2007-2009, beginning in 2010 and into the present, counsel prepared drafts for review. These minutes are in large part, if not entirely, privileged, and it is highly burdensome for Koss to be required to parse these documents for privilege after the close of the limited discovery extension. Moreover, some of these minutes likely contain third party confidential information subject to NDA, for which Koss would require clearance to produce. To the extent Apple seeks all notes from these meetings, it is even more unreasonable and burdensome to collect, review, redact, and product those notes.

Issue #2: Information Regarding Licensees to Patents-in-Suit

Koss objected to Interrogatory No. 2 on several grounds. Koss further objected to the Interrogatory because it "seeks information containing the confidential and proprietary technical, business, or trade secret information of a third party." Subject to these objections, Koss responded that it had licensing negotiations with other defendants against whom it has asserted its patents, and listed those entities. Koss invoked Rule 33(d) to provide two Non-Disclosure Agreements relevant to those licensing negotiations; it required the clearance from those third parties in order to produce that information in the litigation.

Koss understands that pursuant to this Court's OGP, it is not required to produce email correspondence. Given that all interactions with third parties regarding licensing took place via email, Koss satisfied its obligations. Apple is aware that any such correspondence was by email, but made no email request under the OGP.

Koss should not be required, after the close of discovery was extended for limited purposes solely because of Apple's delay, to provide to Apple confidential third party information that Koss

received (via email) pursuant to an NDA and that it used in developing a settlement demand in the context of litigation between third parties under F.R.E. 408. The information is irrelevant to any issues involving Apple and contains precisely the confidential information Apple's competitors prevent from providing to Apple. Apple's dilatory approach to discovery should not be rewarded.

**Relief Requested:** Koss respectfully requests that the Court deny Apple's requested relief.

## OPINION

**Issue #1**: The Court **ORDERS** Koss to produce the 35 most recent, final versions of the contested meeting minutes from the 2007–2014 time frame. The Court is not persuaded that production of 35 documents will unduly burden Koss. Koss need not produce attorney-generated drafts. Koss has three weeks from the date of this order to make its production, which should give any third parties sufficient time to make their objections.

**Issue #2**: The Court **ORDERS** Koss to fully respond to Interrogatory No. 2 by providing a fully responsive, detailed narrative about each email that Koss is not producing. Koss may alternatively produce the referenced emails in lieu of a detailed narrative response, but the Court does not compel Koss to make an email production consistent with the OGP. Koss has three weeks from the date of this order to make its production or give its full response, which should give any third parties sufficient time to make their objections.

SIGNED this 23rd day of March, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE