# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| KOSS CORPORATION,<br><br>   Plaintiff,<br><br> v.<br><br>APPLE INC.,<br><br>   Defendant. | Case No.  6:20-cv-00665-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>**<u>PUBLIC VERSION</u>** |

### DEFENDANT APPLE INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF KOSS CORPORATION'S MOTION TO DISMISS DEFENDANT APPLE INC.'S COUNTERCLAIM FOR BREACH OF CONTRACT

  Defendant Apple Inc. respectfully submits this supplemental brief to inform the Court of a recent arbitration ruling in Apple's favor on the claims at issue in Koss' motion to dismiss Apple's contract counterclaim (the "Motion"). (Dkt. No. 93.) That counterclaim alleges that Koss' use of the parties' pre-suit communications in its complaint to plead willfulness breaches the parties' Confidentiality Agreement. (Ex. F, 11/24/21 Arbitral Award, ¶ 163.) A binding arbitration administered by the International Chamber of Commerce ("Tribunal") determined, following briefing and testimony, that the pleadings at issue did indeed breach the Agreement. (*Id.*) This final award is likely to prove dispositive of Apple's ultimate contract claim. For present purposes, the Tribunal's award conclusively establishes that Apple states a claim for breach of contract, and that Koss' Motion should therefore be denied.

I.  **THE TRIBUNAL'S FINDING, ON A FULL RECORD, THAT KOSS' COMPLAINT BREACHED SECTION 5 OF THE CONFIDENTIALITY AGREEMENT ESTABLISHES THAT APPLE'S CONTRACT CLAIM IS VIABLE**

Koss' reply in support of its Motion asserts that Apple's contract counterclaim relies on an "absurd, post-hoc[] contract interpretation [that is] contrary to the Agreement." (Dkt. No. 107 at 1.) Specifically, Koss argues that the Agreement cannot be read, as Apple urges, to preclude Koss from using the parties' pre-suit communications to plead willfulness. (*Id.* at 3.) But the Tribunal held that the Agreement must be read exactly as Apple proposes. In particular, the Tribunal found that "the parties reached an agreement of the minds that Koss could not use Communications to show notice, knowledge, induced infringement, or willful infringement of any patent, or to support any other request for enhanced damages, fees or costs in any litigation." (Ex. F ¶ 119.)

The Tribunal also found that the Agreement's drafting history supported Apple's interpretation. Both Apple's arbitration claim, and its counterclaim here, allege that Koss breached Section 5 of the Agreement. (*See id.* ¶ 4; 8/12/21 Counterclaims, Dkt. No. 91, ¶¶ 77–94.) ▮

▮
▮
▮
▮
▮
▮
▮
▮
▮
▮

███████████████████████████████████████████

███████████████████████████████████████

After adopting Apple's interpretation of Section 5, the Tribunal then concluded that Koss' complaint breached the Confidentiality Agreement—just as Apple's counterclaim alleges. As the Tribunal found, "There was use of Communications in the Texas Complaint. This use is prohibited by the terms of Section 5 of the Agreement. Koss has breached the Agreement by such use." (*Id.* ¶ 163.) The Tribunal awarded Apple declaratory and monetary relief for Koss' breach. (*Id.* ¶ 179(B), (F).)

Given the Tribunal's award, Koss can no longer dispute that Apple states a viable claim that Koss' Complaint breached the Agreement. To resolve Koss' Motion, the Court need only determine whether Apple "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).[1] The Tribunal's award establishes that Apple has done so.

## II. THE TRIBUNAL SPECIFICALLY REJECTED THE ARGUMENTS KOSS HAS PRESENTED TO THIS COURT

Importantly, the Tribunal's decision considered, and rejected, the same arguments that Koss has made in support of its Motion. Koss' primary (but incorrect) argument (*see* Dkt. No. 93, at 4–5) is that Apple's supposed interpretation of the Confidentiality Agreement would cause it to act as a "license" to Koss' patents or a "waiver" of Koss' right to assert willful-infringement

---

[1] The Tribunal's award should ultimately lead to judgment in Apple's favor on its breach-of-contract counterclaim, but that issue is not presently before the Court. *See Universal Am. Barge Corp. v. J-Chem, Inc.*, 946 F.2d 1131, 1136 (5th Cir. 1991) (holding arbitral award can be given preclusive effect in judicial proceedings); *Tremont LLC v. Halliburton Energy Servs., Inc.*, 696 F. Supp. 2d 741, 823 & n.124 (S.D. Tex. 2010) (observing that "there is ample authority for giving preclusive effect to issues resolved in arbitration" in a litigation involving the same issues and parties); *Crusius v. AIG Sunamerica Life Assur. Co.*, No. SA-01-CA-0908-RF, 2004 WL 2677203, at *4 (W.D. Tex. Nov. 16, 2004) (granting summary judgment to defendant where arbitral award precluded plaintiff's claims in litigation).

claims. Koss argues that this interpretation (which Apple never advocated) cannot be right because Section 11 states that the Agreement shall not be construed as a license or waiver of rights. The Tribunal rejected these very arguments. ███████████████████████████████████████████████████████████████████████████ And, the Tribunal held, Apple's efforts to enforce the right provided in Section 5 did not effectively impose a license or waiver on Koss. (*Id.* ¶ 146.) Rather, Apple "is only saying that in pressing its infringement and willful infringement claims, Koss may not rely on Communications, or the existence thereof, as proof." (*Id.* (citations omitted); *see also id.* ¶ 149.) Because Koss was free to use evidence unrelated to the Communications—if it had any—it had not waived the right to assert willfulness, much less licensed Apple. (*See id.* ¶ 149.)

The Tribunal also dismissed Koss' argument that enforcing Section 5 would somehow conflict with its duty of candor to the Patent Office. (*See, e.g.*, Dkt. No. 93 at 7–8; Dkt. No. 107 at 5–7.) The Tribunal found that Section 5 would not apply to prevent Koss from telling the Patent Office of prior art it had learned of from Apple. (*Compare* Ex. F ¶¶ 78–84, 103, *with id.* ¶¶ 119–22, 163.) Koss' obligation not to breach Section 5 by using protected Communications in litigation therefore posed no obstacle to its duties to the Patent Office.

Finally, the Tribunal rejected Koss' claim that this Court's prior order denying Apple's Motion to Strike somehow disposed of Apple's breach-of-contract claim. (*See* Dkt. No. 107 at 7.) The Tribunal acknowledged this Court's order was "important precedent which must be considered." (Ex. F ¶ 153.) But after giving the order full consideration, the Tribunal concluded that it "was not final, nor on the merits." (*Id.* ¶ 154.) This finding is consistent with this Court's own statement that "'whether Koss's pleadings fall within the terms of the parties' agreement is

4

better resolved'" at later stages of litigation. (*Id.* ¶ 156 (quoting 3/30/21 Order denying Apple's Motion to Strike, Dkt. No. 61 at 7)).)

The Tribunal also noted that it had a substantially more complete evidentiary record than could have been presented on the Motion to Strike. In particular, "both parties supplied parol evidence not before the Texas Court." (*Id.*) And the parties supplied the Tribunal with witness testimony, both written and oral, that was not available when the Court ruled on Apple's Motion to Strike. Specifically, the Tribunal found, this Court "was not apprised [when ruling on the Motion to Strike] that *Koss had itself agreed, and indeed proposed*," that Section 5 prohibited using Communications to show notice, knowledge, induced infringement, or willfulness. (*Id.* ¶ 157 (emphasis added).) The Tribunal's ruling, like this Court's own order, thus acknowledges that the resolution of Apple's Motion to Strike did not finally dispose of Apple's breach-of-contract claim.

The Tribunal's finding that Koss breached Section 5 of the parties' Confidentiality Agreement in filing its complaint is well-reasoned, grounded in a full evidentiary record, and final on the merits. That finding establishes that Apple's counterclaim for breach of that same section states a claim on which relief can be—and was—granted. The Court should therefore deny Koss' Motion to Dismiss.

Date: February 11, 2022

Respectfully submitted,

By:  */s/ Michael T. Pieja*
Michael T. Pieja (*pro hac vice*)
Alan E. Littmann (*pro hac vice*)
Doug Winnard (*pro hac vice*)
Samuel E. Schoenburg (*pro hac vice*)
Whitney Woodward (*pro hac vice*)
Jennifer M. Hartjes (*pro hac vice*)
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Dr., 22nd Floor
Chicago, IL 60606

Tel: (312) 681-6000
Fax: (312) 881-5191
mpieja@goldmanismail.com
alittmann@goldmanismail.com
dwinnard@goldmanismail.com
sschoenburg@goldmanismail.com
wwoodward@goldmanismail.com
jhartjes@goldmansimail.com

Stephen E. McConnico
State Bar No. 13450300
Steven J. Wingard
State Bar No. 00788694
Stephen L. Burbank
State Bar No. 24109672
SCOTT DOUGLASS & MCCONNICO
Colorado Tower
303 Colorado St., Ste. 2400
Austin, TX 78701
Tel: (512) 495-6300
Fax: (512) 495-6399
smcconnico@scottdoug.com
swingard@scottdoug.com
sburbank@scottdoug.com

*Counsel for Defendant/Counterclaimant Apple Inc.*

**PROOF OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **DEFENDANT APPLE INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF KOSS CORPORATION'S MOTION TO DISMISS DEFENDANT APPLE INC.'S COUNTERCLAIM FOR BREACH OF CONTRACT PURSUANT TO RULE 12(b)(6)** has been served on February 11, 2022, to all counsel of record who are deemed to have consented to electronic service.

                                                   */s/ Michael T. Pieja*
                                                  Michael T. Pieja