**FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| KOSS CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant | Case No. 6:20-cv-00665-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF KOSS CORPORATION'S MOTIONS *IN LIMINE* (NOS. 1-17)**

505510153.4

**FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER**

**TABLE OF CONTENTS**

1. PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION REGARDING PLAINTIFF'S OVERALL SIZE, SALES, REVENUE, NET WORTH, OR VALUE. .................................................................................................. 1

2. PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION REGARDING APPLE'S PATENTS ON ANY OF ITS PRODUCTS ............................. 1

3. PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION REGARDING ALLEGATIONS THAT INDIVIDUAL CLAIM ELEMENTS WERE IN THE PRIOR ART ....................................................................................... 2

4. PRECLUDE APPLE FROM PRESENTING ANY EVIDENCE OR ANALYSIS COMPARING THE PREFERRED EMBODIMENTS TO THE ACCUSED PRODUCTS ................................................................................................ 2

5. PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION THAT THE PATENTS-IN-SUIT MUST ENCOMPASS NEW FEATURES OF THE ACCUSED PRODUCTS ................................................................................................ 3

6. PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, OR REFERENCE TO PERSONAL STOCK TRANSACTIONS OF ANY CURRENT OR FORMER EMPLOYEE OF KOSS ......................................... 4

7. PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION MAKING REFERENCE TO ANY PRIOR ART AND ANY THEORY OF INVALIDITY NOT SET FORTH IN APPLE'S FINAL INVALIDITY CONTENTIONS AS NARROWED ................................................................................................................. 4

8. PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, OR ASSERTION THAT COMPARES THE ACCUSED PRODUCTS TO PRIOR ART, OR ALLEGATION THAT DEFENDANT DOES NOT INFRINGE BECAUSE IT PRACTICES THE PRIOR ART ........................ 5

9. PRECLUDE THE PARTIES FROM RELYING UPON OR INTRODUCING ANY DOCUMENTS PRODUCED AFTER THE CLOSE OF FACT DISCOVERY .................................................................................................................. 5

10. PRECLUDE ANY ARGUMENT OR TESTIMONY CONCERNING THE PERSONAL NET WORTH OF ANY WITNESS OR OF ANY OWNER

**FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER**

|   |   |   |
|---|---|---:|
|    | (DIRECT OR INDIRECT), SHAREHOLDER, DIRECTOR, OFFICER, AND/OR EMPLOYEE OF EITHER PARTY | 6 |
| 11. | PRECLUDE ANY APPLE FACT WITNESS FROM OFFERING EXPERT TESTIMONY, OPINIONS, OR LEGAL CONCLUSIONS | 6 |
| 12. | PRECLUDE ANY ARGUMENT, QUESTIONING, OR REFERENCE TO PAUL CLARK'S PRIOR LITIGATION WITH DOCUSIGN | 7 |
| 13. | PRECLUDE APPLE FROM ARGUING OR INSINUATING THAT THE WILLINGNESS TO PAY FOR THE ACCUSED FEATURE WHEN ADDED UP WITH OTHER FEATURES CANNOT EXCEED THE PRICE OF THE PRODUCT | 7 |
| 14. | PRECLUDE ANY TESTIMONY REFERRING TO THE VALUE OF THE TECHNOLOGY IN THE ALLEGEDLY COMPARABLE LICENSES TO THE VALUE OF THE PATENTS IN SUIT | 8 |
| 15. | PRECLUDE ANY TESTIMONY OR EVIDENCE ABOUT PRIOR ART FROM APPLE WITNESSES OUTSIDE THE SCOPE OF THEIR DISCLOSED KNOWLEDGE | 8 |
| 16. | PRECLUDE ANY ARGUMENT OR TESTIMONY REGARDING UNDISCLOSED NON-INFRINGING ALTERNATIVES | 9 |
| 17. | PRECLUDE ANY ARGUMENT, EVIDENCE, TESTIMONY, OR REFERENCE TO THE CLAIM THAT APPLE HAS NEVER RELIED ON A CONJOINT SURVEY OUTSIDE CONTEXT OF LITIGATION AS INFORMING THE HYPOTHETICAL NEGOTIATION | 9 |

**FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER**

**FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER**

Plaintiff Koss Corporation ("Koss" or "Plaintiff") respectfully moves *in limine* to preclude Defendant Apple Inc. ("Apple" or "Defendant") from offering evidence, argument, or testimony as specified below:

1. **PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION REGARDING PLAINTIFF'S OVERALL SIZE, SALES, REVENUE, NET WORTH, OR VALUE.**

Apple should be precluded from presenting, arguing, or eliciting any information related to Koss' size, overall sales, revenue, net worth, or value. The information related to Koss' financial and business operations have little probative value, if any at all, and is substantially outweighed by the prejudice caused by revealing such information to a jury. This court has previously precluded parties from introducing financial and business related information. *See, e.g.*, *CloudofChange LLC v. NCR Corporation*, No. 6-19-CV-00513-ADA, Dkt. No. 204 at 5 (W.D. Tex. Nov. 8, 2021) (precluding argument, evidence, or questions concerning a party's overall economic status or total revenue/profits); *LaserDynamics, Inc. v. Quanta Comp.*, 694 F.3d 51, 68 (Fed. Cir. 2012).

2. **PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION REGARDING APPLE'S PATENTS ON ANY OF ITS PRODUCTS**

This Court should preclude Apple from raising any argument, introducing testimony, or eliciting testimony regarding Apple's patents on any of its products. Any introduction of evidence relating to Apple's patents would only confuse the jury and suggest that Defendant cannot infringe Koss' patents due to its ownership of patents related to the Accused Products, which is improper. *See Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("[T]he existence of one's own patent does not constitute a defense to infringement of someone else's patent."). Any argument or testimony that identifies any patent as belonging to Apple and covering any accused product, including patents identified as prior art in the case, would give rise to an

1

Case 6:20-cv-00665-ADA   Document 253   Filed 06/16/22   Page 6 of 15

FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER

improper and prejudicial inference in the minds of the jury that Apple's products cannot infringe Koss' patents because Apple has a patent to those products.

3. **PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION REGARDING ALLEGATIONS THAT INDIVIDUAL CLAIM ELEMENTS WERE IN THE PRIOR ART**

This Court should preclude Apple from presenting evidence or arguing that individual claim elements were known in the prior art. As the Federal Circuit has stated, "mere identification in the prior art of each element is insufficient to defeat the patentability of the combined subject matter as a whole." *In re Kahn*, 441 F.3d 977, 986 (Fed. Cir. 2006). Any analysis presented by Apple, other than an opinion clearly stating that it would be obvious to combine the individual claim elements as arranged in the Patents-in-Suit, should be excluded as contrary to the law, would bias the jury, and unfairly prejudice Koss.

4. **PRECLUDE APPLE FROM PRESENTING ANY EVIDENCE OR ANALYSIS COMPARING THE PREFERRED EMBODIMENTS TO THE ACCUSED PRODUCTS**

Apple should be precluded from arguing, presenting evidence, or eliciting testimony that compares the preferred embodiments of the Patents-in-Suit to the Accused Products. "[I]t is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent." *Zenith Labs., Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418 , 1423 , 30 USPQ2d 1285 , 1289 (Fed. Cir. 1994). Likewise, Apple should be precluded from comparing the Accused Products to a preferred embodiment of any of the Patents-in-Suit because "[I]nfringement is to be determined by comparing the asserted claim to the accused device, not by comparing the accused device to the figures of the asserted patent." *Catalina Lighting v. Lamps Plus*, 295 F.3d 1277, 1286 (Fed. Cir. 2002). To allow Apple to present such an argument

or evidence would confuse the jury and prejudice Koss, greatly outweighing any claimed probative value.

5. **PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION THAT THE PATENTS-IN-SUIT MUST ENCOMPASS NEW FEATURES OF THE ACCUSED PRODUCTS**

Koss believes that Apple will improperly seek to weaponize its own patents as a defense to liability. This tactic would involve the presentation of evidence and testimony of Defendant's own patents and applications, which are not relevant to any issue in this case and are thus highly prejudicial under Fed. R. Evid. 402 and 403.

Any argument or evidence on any of Defendants' patents or patent applications has no relevance and creates a high risk of confusing the jury by inviting the improper inference that just because Defendants have related patents or applications Defendants somehow cannot or should not be liable for patent infringement here. *See* Fed. R. Evid. 402-403; *Zenith Elecs. Corp. v. PDI Comm. Sys.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008) ("[A]ccused infringers are not free to flout the requirement of providing invalidity by clear and convincing evidence by asserting a 'practicing the prior art' defense"); *Bio-Tech. Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) (the "existence of one's own patent does not constitute a defense to infringement of someone else's patent"). Other district courts have granted similar in limine motions. *Two-Way Media LLC v. AT&T Operations, Inc.*, No. 5:09-cv-00476-OLG (W.D. Tex. Feb. 27, 2013) (Dkt. Nos. 426, 501) (granting motion in limine no. 23 preventing argument regarding "[Defendant's] Patents or Patent Applications as a Defense to Infringement"); *Retractable Techs., Inc. v. Becton, Dickenson & Co.*, No. 2:07-cv-250, 2009 WL 8725107, at *7 (E.D. Tex. Oct. 8, 2009); *see also Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 1324 (Fed. Cir. 2000) (a defendant's patent on its accused product

is "evidence not material to the issue of infringement"). There is no relevant, non-prejudicial use of Defendant's own patents and applications in this case.

6. **PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, OR REFERENCE TO PERSONAL STOCK TRANSACTIONS OF ANY CURRENT OR FORMER EMPLOYEE OF KOSS**

Apple should be precluded from arguing, presenting evidence, or eliciting testimony relating to the previous or current personal financial status of any current or former employee of Koss. The exclusion of subject matter should include any reference to Koss stock and its fluctuation that may mimic or differ from market trends. Specifically, Apple should be excluded from mentioning the GameStop incident on the New York Stock Exchange in 2021 caused by Reddit users. Any mention of personal stock transactions and/or the GameStop stock incident would be highly prejudicial to Koss as such arguments are wholly irrelevant, provide no probative value, and only serve to cause jury confusion. *See* Fed. R. Evid. 401-403; *Smartflash LLC v. Apple Inc*, No. 6:13-CV-447-JRG-KNM, 2015 WL 11089593, at *2 (E.D. Tex. Jan. 29, 2015) (granting motion in limine excluding "any testimony, evidence, or argument during trial referencing the compensation or stock holdings of any current or former Apple employee, including Tim Cook.").

7. **PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, INSINUATION, REFERENCE, OR ASSERTION MAKING REFERENCE TO ANY PRIOR ART AND ANY THEORY OF INVALIDITY NOT SET FORTH IN APPLE'S FINAL INVALIDITY CONTENTIONS AS NARROWED**

The Court should exclude any evidence or argument based on non-elected prior art and any prior art Apple attempted to or did assert after November 4, 2021, the original end of the fact discovery period. Apple's attempt to bolster its prior art in this matter is untimely and improper. Apple's effort to make arguments about non-elected prior art, including any attempt to discuss non-elected prior art to show the state of the art, would be unfair and prejudicial to Koss. *See* Fed. R. Evid. 401–403. Courts regularly exclude such matter. *See Intellectual Ventures II LLC v. FedEx*

*Corp.*, No. 2:16-CV-00980-JRG, 2018 WL 10638138, at *2 (E.D. Tex. Apr. 26, 2018) (excluding non-asserted prior art and requiring Defendants to obtain leave before using "prior art that is outside of the previously elected prior art invalidity case in order to show relevant background information at trial").

8. **PRECLUDE APPLE FROM RAISING ANY ARGUMENT, EVIDENCE, TESTIMONY, OR ASSERTION THAT COMPARES THE ACCUSED PRODUCTS TO PRIOR ART, OR ALLEGATION THAT DEFENDANT DOES NOT INFRINGE BECAUSE IT PRACTICES THE PRIOR ART**

Apple's expert reports and deposition testimony confirm that they intend to confuse and mislead the jury with legally irrelevant arguments that Apple does not infringe or should not be held liable for infringement because its accused products somehow practice the prior art. Any attempted comparison of the accused products to the prior art is legally improper. "It is well established, however, that 'practicing the prior art' is not a defense to infringement." *In re Omeprazole Patent Litig.*, 536 F.3d 1361, 1377 (Fed. Cir. 2008) (rejecting defendant's argument that it did not infringe because "its manufacturing process merely practices the prior art"); *see also Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365-69 (Fed. Cir. 2020) (improper for Defendant to claim it practiced prior art or obvious variations of the prior art). Indeed, "the fact that the patentee happens to be practicing the prior art is irrelevant" to an infringement analysis. *Tate Access*, 279 F.3d at 1367.

Koss believes that Apple may argue this testimony is relevant to validity. This argument is impermissible and conflates non-infringement and invalidity, causing substantial jury confusion. "[A]ccused infringers are not free to flout the requirement of proving invalidity by clear and convincing evidence by asserting a 'practicing prior art' defense to literal infringement under the less stringent preponderance of the evidence standard." *Tate Access*, 279 F.3d at 1367.

9. **PRECLUDE THE PARTIES FROM RELYING UPON OR INTRODUCING ANY DOCUMENTS PRODUCED AFTER THE CLOSE OF FACT DISCOVERY**

**FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER**

This Court should preclude the parties from introducing or relying upon any documents produced after the close of fact discovery, whether produced by Koss, Apple or any third party. Fact discovery closed on November 4, 2021, and was extended only for a limited purpose. Any documents produced after this date (and not related to that limited purpose) are not timely disclosed and should be excluded. Courts have previously excluded a party's reliance upon documents produced after the close of fact discovery. *Implicit, LLC v. NetScout Sys., Inc.*, No. 2:18-CV-00053-JRG, 2019 WL 6873030, at *3 (E.D. Tex. Nov. 21, 2019) (excluding the late production of source code). Similarly, this Court should preclude any such reliance upon documents produced after the close of fact discovery.

10. **PRECLUDE ANY ARGUMENT OR TESTIMONY CONCERNING THE PERSONAL NET WORTH OF ANY WITNESS OR OF ANY OWNER (DIRECT OR INDIRECT), SHAREHOLDER, DIRECTOR, OFFICER, AND/OR EMPLOYEE OF EITHER PARTY**

Apple should be precluded from introducing or eliciting any evidence, testimony, or argument concerning the personal net worth of any witness or of any owner (direct or indirect), shareholder, director, officer, and/or employee of either party. The net worth of these individuals bears no relevance to the parties' claims or defenses and has a high risk of confusing or misleading the jury. Fed. R. Evid. 403. Courts have excluded this type of information due to its lack of relevance. *See, e.g., Mobile Telcomms. Techs. v. ZTE United States, Inc.*, No. 2:13-CV-946-JRG, 2016 U.S. Dist. LEXIS 184653, at *9 (E.D. Tex. July 21, 2016).

11. **PRECLUDE ANY APPLE FACT WITNESS FROM OFFERING EXPERT TESTIMONY, OPINIONS, OR LEGAL CONCLUSIONS**

This Court should preclude any of Apple's fact witnesses from offering expert testimony, opinions, or legal conclusions. Koss believes that Apple intends to elicit testimony from Apple engineers about the state of the art, their understanding of prior art references, and their understanding and opinions regarding the patent claims, infringement, and invalidity. Fact

witnesses should be limited to testimony regarding facts rather than proffering expert testimony or legal conclusions outside of the scope of Fed. R. Evid. 701. Any witness not disclosed as an expert under Fed. R. Civ. P. 26(a)(2) should be precluded from offering any expert opinion or testimony that is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Indeed, "a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person." *360 Mortg. Grp., LLC v. Homebridge Fin. Servs., Inc.*, No. A-14-CA-00847-SS, 2016 BL 373193, at *3 (W.D. Tex. May 6, 2016); *Cybergym Research, LLC v. ICON Health and Fitness, Inc.*, No. 2:05-CV-527 (DF), 2007 WL 9724237, at *2 (E.D. Tex. Oct. 7, 2007) (granting motion in *limine* in part to preclude lay witness opinions based on specialized knowledge).

12. **PRECLUDE ANY ARGUMENT, QUESTIONING, OR REFERENCE TO PAUL CLARK'S PRIOR LITIGATION WITH DOCUSIGN**

Apple should be precluded from making any argument, eliciting testimony, or referring to the existence of or allegations made in an unrelated litigation between Koss' expert, Dr. Paul Clark and DocuSign. This topic bears no relevance to the parties' claims or defenses and has a high risk of confusing or misleading the jury, therefore it should be excluded under Fed. R. Evid. 403.

13. **PRECLUDE APPLE FROM ARGUING OR INSINUATING THAT THE WILLINGNESS TO PAY FOR THE ACCUSED FEATURE WHEN ADDED UP WITH OTHER FEATURES CANNOT EXCEED THE PRICE OF THE PRODUCT**

Apple should be precluded from making any argument, eliciting testimony, or insinuating that Koss' royalty rate is unreasonable because it would not have permitted Apple to make a profit on the accused products. It is improper for Apple to argue that it is entitled to make a profit on an accused product by insinuating that a royalty cannot be reasonable if the value attributable to the patented feature (royalty) in combination with remaining features of the product exceeds the purchase price of the product. "[A]lthough an infringer's anticipated profit from use of the patented

invention is '[a]mong the factors to be considered in determining' a reasonable royalty, *see Georgia-Pacific,* 318 F. Supp. at 1120, the law does not require that an infringer be permitted to make a profit." *Monsanto Co. v. Ralph,* 382 F.3d 1374, 1384 (Fed. Cir. 2004); *see also Mars, Inc. v. Coin Acceptors, Inc.*, 527 F. 3d 1359, 1374 (Fed. Cir. 2008).

14. **PRECLUDE ANY TESTIMONY REFERRING TO THE VALUE OF THE TECHNOLOGY IN THE ALLEGEDLY COMPARABLE LICENSES TO THE VALUE OF THE PATENTS IN SUIT**

Apple should be precluded from making any argument or eliciting testimony that compares the value of the patents and technology in allegedly comparable licenses to the value of the Asserted Patents. Apple's damages expert, Thomas W. Britven, relies upon statements from Apple's technical expert, Mr. Wiggins, for valuations of the Asserted Patents and of the technology in the purportedly comparable licenses. *See, e.g.*, April 5, 2022 Britven Report, ¶ 132 (Dkt. No. 188-1). However, Mr. Wiggins has no training, education, or expertise in patent valuation. His statements and opinions are unfounded and it is improper for Mr. Britven to rely on them. These statements would only serve to confuse the jury and unfairly prejudice Koss. *See* Fed. R. Evid. 403.

15. **PRECLUDE ANY TESTIMONY OR EVIDENCE ABOUT PRIOR ART FROM APPLE WITNESSES OUTSIDE THE SCOPE OF THEIR DISCLOSED KNOWLEDGE**

Apple should be precluded from introducing any evidence, testimony, or argument from Apple witnesses that is outside the scope of their disclosed knowledge regarding Apple patents, prior art, or the state of the prior art. Apple may attempt to bolster its invalidity case by introducing, for the first time at trial, testimony from Apple engineers about prior art they have not previously testified about or admitted to having any knowledge thereof.  All such knowledge and testimony

should have been disclosed during discovery and it is prejudicial to Koss to be sandbagged with new testimony for the first time at trial.

16. **PRECLUDE ANY ARGUMENT OR TESTIMONY REGARDING UNDISCLOSED NON-INFRINGING ALTERNATIVES**

Any discussion of previously undisclosed non-infringing uses of the Accused Products, including any mention of the Apple iOS 15 update, will tend to confuse the jury. Argument, testimony, and discussion of undisclosed non-infringing alternatives risks confusing the jury and improperly inferring that the existence of non-infringing uses supports or establishes that the products do not infringe. Non-infringing uses are probative only of the value of the patent and undisclosed non-infringing uses should be excluded as unduly prejudicial under Fed. R. Evid. 403.

17. **PRECLUDE ANY ARGUMENT, EVIDENCE, TESTIMONY, OR REFERENCE TO THE CLAIM THAT APPLE HAS NEVER RELIED ON A CONJOINT SURVEY OUTSIDE CONTEXT OF LITIGATION AS INFORMING THE HYPOTHETICAL NEGOTIATION**

Apple should be precluded from presenting any argument, evidence, testimony, or reference to the claim that it has never relied on a conjoint survey outside of litigation as informing the hypothetical negotiation. Koss seeks to preclude Apple from making this claim because it is not true, as testified by Apple's survey expert, Dr. Itamar Simonson. Ex. A, May 3, 2022 Simonson Deposition Transcript, 121:3-13 ("█████████████████████████████████████████████████████████████████████████████████████████"). Any attempt by Apple to state or infer otherwise to the jury would be prejudicial to Koss and should be excluded.

**FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER**

Dated: June 10, 2022

Peter E. Soskin (*pro hac vice*)
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220
peter.soskin@klgates.com

Christopher J. Valente (*pro hac vice*)
K&L GATES LLP
One Lincoln Street
Boston, MA 02111
Tel: (617) 951-9071
Fax: (617) 261-3175
christopher.valente@klgates.com

David R. Fine (*pro hac vice*)
K&L Gates LLP
Market Square Plaza
17 North Second St., 18th Fl.
Harrisburg, PA 17101
Tel: (717) 231-5820
Fax: (717) 231-4501
david.fine@klgates.com

David N. Deaconson
Texas Bar No. 05673400
PAKIS, GIOTES, PAGE
& BURLESON, P.C.
400 Austin Ave, Suite 400
Waco, Texas 76701
Tel: (254) 297-7300
deaconson@pakislaw.com

Respectfully submitted,

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi
Texas Bar No. 24072114
K&L GATES LLP
2801 Via Fortuna, Suite #650
Austin, TX 78746
Tel: (512) 482-6800
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

Jim Shimota (*pro hac vice*)
Benjamin E. Weed (*pro hac vice*)
Philip A. Kunz (*pro hac vice*)
Gina A. Johnson (*pro hac vice*)
Melissa M. Haulcomb (*pro hac vice*)
Amanda C. Maxfield (*pro hac vice*)
K&L GATES LLP
70 W. Madison Street, Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
benjamin.weed@klgates.com
philip.kunz@klgates.com
gina.johnson@klgates.com
melissa.haulcomb@klgates.com
amanda.maxfield@klgates.com

**ATTORNEYS FOR
KOSS CORPORATION**

**FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022, a true and correct copy of the foregoing document was served on all counsel of record who have consented to electronic notifications.

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi